### The Police Jury of the Parish of Orleans, Right Bank of the Mississippi River, *v.* Pierre Nougues.

The Police Jury aforesaid, by an ordinance adopted 29th December, 1855, imposed a yearly tax " on
each and every person keeping a dairy, within the limits comprised within the upper line of this
parish and Verret Avenue, a yearly tax of two dollars for each and every cow, &c."   Under the Act
of March 15th, 1855, p. 395, the said Police Jury may impose a tax " on all persons pursuing any oc-
cupation, trade, or profession," and, therefore, may impose a   tax on dairymen.   But, the tax must
be levied on *all* dairymen.   The ordinance in question, while professing to tax the occupation, really
imposes a tax upon cows kept by dairymen within certain limits.   Considered in that light it is
equally inconsistent with a just interpretation of the statute which conferred the power of taxation
on said plaintiffs.   It is not a tax on personal property to be preceded by an assessment, nor even
on all cows within their jurisdiction.   This is not only repugnant to the principles of equality which
govern the exercise of the taxing power by the State, but was, evidently, not within the scope of
the authority conferred by legislation on the said Police Jury.

The 5th section of the general Act "relative to Police Juries," approved 9th April, 1847, (see Sess.
Acts, p. 82,) was not repealed *quoad* said Police Jury by the aforesaid Act of 1855.

APPEAL from a judgment of the Sixth Justice of the Peace of the parish of
Orleans, right bank of the Mississippi River.   *Durant & Horner*, for plain-
tiff.   *Collins* for defendant and appellant.

SPOFFORD, J.   The defendant and appellant contests the legality and constitu-
tionality of an ordinance of the Police Jury of the parish of Orleans on the

POLICE JURY
v.
NOUGUES.

right bank of the river Mississippi, under which he has been condemned to pay fifteen dollars as a semi-annual instalment of the price of a license for keeping a dairy with fifteen cows.

The ordinance in question was adopted on the 29th December, 1855, and the provisions material to the present case are these:

" Resolved, that the rate of taxes for licenses on professions and occupations, for the year 1856 be as follows:

" On each and every person keeping a dairy within the limits comprised between the upper line of this parish and Verret Avenue, a yearly tax of two dollars for each and every cow, payable semi-annually and in advance $2 per cow."

The legality of this ordinance depends primarily upon the proper interpretation of the Act " relative to the Police Jury of the parish of Orleans on the right bank of the Mississippi river," approved March 15th, 1855, (Sess. Acts, p. 395.) The special powers conferred upon the Police Jury of the right bank, relative to taxation, are enumerated in the seventh clause of the 9th section of this Act, in the following terms :

" To levy a tax on real and personal property and slaves, upon ships, vessels steamboats or other water craft, landing there for more than five days, except the ferry during the term of the privilege, upon all wood yards, carpenter's yards, dry-docks, livery stables, bakeries, slaughter houses, taverns, billiard tables, and upon all other objects liable to taxation."

The " objects liable to taxation" include " all persons pursuing any occupation, trade, or profession." Const. Art. 123.

Dairymen may, therefore, under the Act of March 15th, 1855, be taxed by the Police Jury of the right bank of the parish of Orleans. But, the tax must be levied upon *all* dairymen. Now the ordinance under examination, while professing to tax the occupation, really imposes a tax upon cows kept by dairymen within certain limits on the right bank of the river in the parish of Orleans. The tax is two dollars per cow. Indeed, this is admitted by the counsel of the appellees, who has defended the legality of the tax on the ground that it is a tax on property, not a tax on persons pursuing an occupation.

Considering it in that light, it is equally inconsistent with a just interpretation of the statute which conferred the power of taxation upon the plaintiffs. It is not a tax upon personal property to be preceded by an assessment, nor even on all cows within their jurisdiction, but upon the cows kept by certain individuals, whilst other individuals may keep cows without taxation. This is not only repugnant to the fundamental principles of equality which governs the exercise of the taxing power by the State, but was evidently not within the scope of the authority attempted to be conferred by the legislature upon the Police Jury of the right bank.

It must be observed that this is a *tax* in its strict sense, intended to aid in filling the general treasury of the jurisdiction within which it was levied, and to defray the general expenses of that jurisdiction—not an assessment upon certain property, to be spent in improving the value of that property, or rendering its use more convenient to the proprietor. In such cases the same principle of equality and uniformity which natural justice dictates, which pervades all our modern legislation upon this class of subjects, and which has been embodied and consecrated in Article 123 of the Constitution, would seem that the particular properties which are to reap the benefit should bear the burden. The opening and paving of streets in towns, the building and repairing of levees, and the

draining of marshes, are special objects for which we have sometimes held that special assessment may be made upon the property to be benefited thereby. *New Orleans Draining Co.*, 11 An. p. 338. *Yeatman* v. *Crandall*, do.

The object of the Police Jury in this case could only have been attained in a lawful manner, by enforcing a uniform tax upon all persons pursuing an occupation in the same class, or by taxing personal property in the ordinary manner, or by an income tax.

This would probably have been our construction of the section already quoted from the Act of March 15th, 1855, even if it stood alone. But the 7th section of the same Act declared that the Police Jury of the right bank should "enjoy the same powers and be subject to the same duties as the Police Juries of the other parishes of the State."

Now, the 5th section of the general Act "relative to Police Juries," approved 9th April, 1847, (Sess. Acts, p. 82,) declared "that a vote of a majority of all the members elect of Police Juries shall be required to levy any parish tax, or to make any appropriations; *provided*, that in levying parish taxes they shall levy a uniform per centum on every species of property, trade, or profession on which the State assesses a tax."

We are of the opinion that the repealing clause at the end of the Act of March 15th, 1855, did not repeal the provision *quoad* the Police Jury of the parish of Orleans on the right bank of the river Mississippi, who, by the terms of the latter Act, were subjected to the same duties and invested with the same power as other Police Juries.

The law is decisive of the case.

It is, therefore, ordered that the judgment appealed from be reversed, and that ours be for the defendant, with costs in both courts.