# Saks *v.* Mayor and Aldermen of Birmingham.

### *Prosecution for Violating City Ordinance.*

1  *Municipal corporation; ordinance imposing license tax not invalid because tax graded by amount of stock.* - A city ordinance imposing a license tax on the business of retail merchants, is not a tax on property but a privilege tax; and such tax is not invalid as being unequal and discriminating, because the amount of the tax to be paid by each merchant is graded according to the amount of stock employed in the business, and is not the same upon all persons engaged in like business. (McCLELLAN, J , *dissenting*, upon the ground that the ordinance tax is a tax upon property.)

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was convicted of violating "An ordinance to prescribe and fix licenses for the businesses, occupations and professions in Birmingham, Ala., for the year 1896."

On the trial of the defendant in the criminal court of Jefferson county it was shown that the defendant gave in and was assessed for city taxes on a stock of goods to the amount of $18,000, on which was levied taxes of one-half of 1 per cent., the full amount allowed by law to be assessed against property in the city of Birmingham. It was admitted that the defendant had not taken out a license as required by the ordinance of the city. The ordinance of· the city of Birmingham, or so much thereof as was pertinent to the issue, was introduced in evidence, and from it there appeared that some occupations and persons engaged in business in said city were charged a specific license without regard to the amount of capital or stock engaged in the business, such as bakers, candy manufacturers, marble yards, etc. The license for these occupations or businesses were fixed by section 1 of said ordinance. Section 2 of said ordinance was as follows: "Sec. 2. Be it further ordained, that every

dealer in any kind of goods, wares, merchandise or other commodities other than dealers in the kind of goods, wares, merchandise or commodities mentioned in section 1 of this ordinance, must take out and pay for a license at rates fixed as follows : When the maximum amount of his stock (not including the value of any goods, wares or commodities for which a license to deal in is required by section 1) on hand at one time within one year preceding the time when such license is applied for (which amount shall be verified by the applicant under oath in every case), $500.00 or less, $5 ; when such stock is more than $500.00 and less than $1,000.00, $10.'' And the ordinance so continues fixing the license tax according to the sliding scale in proportion to the capital or stock in such business, it being provided, among others, that when such amount of stock is ''$15,000 or less than $20,000'' the license tax is $100. Upon the hearing of the evidence there was judgment rendered convicting the defendant of the violation of said ordinance. From this judgment the defendant appeals, and assigns the rendition thereof as error.

HOUGHTON & COLLIER, for appellant.—A city cannot, under the guise of license, impose a double taxation on property. The charge for license should be commensurate with the police protection required in carrying on the business, and should have some relation to the amount of business done and its nature, and not determinable by the amount of capital engaged in the business.—Const. Art. IV, § 50 ; Art. XI, §§ 1 and 7. Conceding that the license may be based on the amount of stock, this ordinance is an unjust discrimination between dealers of same class, in that the owners of small stocks, $1,000 or less pay at the rate of $1.00 on each $100 of stock, and larger dealers pay at a smaller rate, say 50 cents on each $100 of stock. Further, if it is shown that two merchants, at least, own stocks in excess of $125,000, the maximum limit for which the license is fixed, this excess is not taxed at all, and this is an unlawful discrimination.—Cooley's Const. Lim., (1876 ed.) p. 129 ; *Clark v. Mobile*, 67 Ala. 217-219 ; *R. R. Tax Cases*, 92 U. S. 575 ; *Brown v. Ala. Gr. So. R.*

*R.*, 87 Ala. 370 ; *S. & N. R. R. v. Morris*, 65 Ala. 193 ; *Mobile v. Stonewall Ins. Co.*, 53 Ala. 570-584 ; 45 Cent. Law Jour., No. 14, Oct. 1, 1897.

ROBERT J. LOWE, *contra.*—The power to impose the license tax in this case is conferred by the charter of the city. It is not inimical to the constitution.—Art. IV, § 50. The license tax is imposed not under the police power, but under the power to tax ; the power to tax occupations and privileges, involves the right to determine the mode in which they shall be levied, and the amount. The ordinance was framed wisely and humanely, and without the taint of class legislation.— Acts, 1890-91, p. 139 ; *City of Anniston v. Southern Ry. Co.*, 112 Ala. 557 ; *Holt v. Mayor and Aldermen*, 111 Ala. 369 ; 64 Ala. 463 ; 25 Amer. and Eng. Encyc. of Law, 20 and 490 ; *St. Louis v. Green*, 7 Mo. 468.

COLEMAN, J.—The defendant was convicted of doing business as a retail and furnishing merchant, without first taking out the license required by the city ordinance for doing such business. It is conceded that he violated the ordinance, which imposed a privilege license upon every retail and furnishing merchant. As we understand the argument of counsel for appellant, it admits that the city has authority to fix a license tax according to the value of the stock of goods employed in the business, but contends that the ordinance is invalid for the reason that the privilege tax is unequal and discriminating, in that the license tax is graded according to the amount of the stock employed in the business, and not the same upon all persons engaged in like business. It seems to us that the ordinance proceeds upon the only plan practicable and by which fairness to all could be secured. It has been the rule always in this State for the State to impose a greater license tax upon dealers in liquors in cities than in the country, and in cities it is regulated by the population. We think all the questions involved in this appeal, or that could be raised, have been adjudicated in one or the other of the following cases :

[Higdon v. Kennemer.]

*Holt v. Mayor & Aldermen,* 111 Ala. 369 ; *City of Anniston v. Southern R'y Co.,* 112 Ala. 557 ; *City Council of Montgomery v. Knox,* 64 Ala. 463 ; *Goldsmith v. Huntsville, ante,* p. 182.
Affirmed.

McCLELLAN, J., *dissenting,* upon the ground that the ordinance tax is a tax upon property and not a privilege tax.