[Gaston, Judge v. O'Neal.]

# Gaston, Judge *v.* O'Neal.

*Mandamus to Compel Issue of License to Sell Liquor.*

[Decided Jan. 15, 1906, 41 So. Rep. 742.]

*Intoxicating Liquors; License; Statutory Provisions.*—The charter of the city of Montgomery (Local Acts 1892-3, p. 377) exempts persons procuring liquor license from the city from paying license tax to the county for carrying on this business. The act of March 4th, 1903 (General Acts, 1903, p. 184) provides for a license tax for the counties and repeals all laws, general and special, in conflict with its provisions. The Act of Sept. 30th, 1903, (Gen. Acts 1903, p. 298) confers powers on counties to levy a liquor license tax, but provides that the statute shall not affect the exemptions allowed by city charters. Held, that notwithstanding the definition of local and special laws contained in Sec. 110, Constitution of 1901, the exemption contained in the charter was repealed by the act of March 4, 1903 (Gen. Acts 1903, p. 184) and not revived by the act of Sept. 30, 1903 (Gen. Acts 1903, p. 298.)

Appeal from Montgomery City Court.

Heard before Hon. A. D. Sayre.

This is an action for mandamus, filed by appellee against appellant, asking that appellant as judge of probate be required to issue to appellee a county license as a retail dealer in spirtuous, vinous, and malt liquors. The petition alleges a compliance with the statute in reference to the filing of the recommendation and the making of the oath and subscribing the same, and the tender of the amount of state license required. It further alleges that section 20 of an act of the Legislature approved February 21, 1893 (Acts 1892-93, p. 368), to establish a new charter for the city of Montgomery, provided that all persons so procuring a license from the city council or its authorized agent for doing business in the said city, shall be exempt from paying any tax or license to the county of Montgomery for carrying on said business in said city. The petition also alleges that the business proposed was to be done exclusively in the city

of Montgomery, and that it was to be a retail business for selling spirituous, vinous, and malt liquors for which petitioner had procured a license from the city of Montgomery, and that by said above-mentioned act retailers of spirituous, vinous, or malt liquors were named as exempt from county license. The respondent answered the petition, setting up that section 20 of said act was violative of section 2, art. 4, section 1, art. 1, and section 7, art. 1, of the Constitution; that the act was void because of the fact that the Senate Journal failed to show that the act was signed by the President of the Senate in the presence of the same immediately after its title had been publicly read at length; and also that section 20 of said act was repealed by an act of the Legislature approved March 4, 1903 (Gen. Acts 1903, p. 184), and styled "to better provide for the revenue of the state." The city court awarded the mandamus as prayed, and respondent appeals.

JOHN G. FINLEY and WILLIAM M. BLAKEY, for appellant.—The exemption in the city charter of Montgomery exempting those from paying the county license, that have taken out a retail license from the city for the sale of liquor is repealed by the revenue act of 1903.— *Maxwell v. The State*, 89 Ala. 156; *Holt v. Mayor*, 111 Ala. 369; 60 Ala. 296. Section 19 of the city charter under the act of 1870 is violative of constitution, in that, the subject of that section is not germain to the title of the act.—*Wolf v. Taylor*, 98 Ala. 254; *Southern R. R. v. State*, 111 Ala. 250; *L. & N. R. R. v. Mobile*, 124 Ala. 132; *Thompson v. Town of Luverne*, 125 Ala. 366; *Sanders v. Elmore County*, 117 Ala. 543; *Bell v. State*, 115 Ala. 87; *Montgomery v. State*, 88 Ala. 141; *Moses v. Mobile*, 52 Ala. 198; *White v. Burgin*, 113 Ala. 170; *Brown v. State*, 115 Ala. 74; *Morgan v. State*, 81 Ala. 72; *Miller v. State*, 80 Ala. 89.

The said section is violative of section 1, because it creates a favored or privilege class of citizens in Montgomery.—*Mooy v. Randolph*, 77 Ala. 602; *McCrary v. State*, 73 Ala. 480; *Wiley v. Parmer*, 14 Ala. 627; *S. & N. R. R. Co. v. Morris*, 65 Ala. 193; *Carter v. Coleman*, 84

Ala. p. 529; *Knowlton v. Supervisors*, 9 Wis. 410; Cooleys Const. Limitations, 502, 503; *City of Cairo v. Fenchter*, 159 Ills; *Ex parte J. F. Jones*, 38 Tex. Crim. 486; *Pullman Palace Car Co. v. State*, 64 Tex. 274; *Com- v. Snyder*, 182 Pa. St. 633; *State v. Hoyt*, 71 Vt. 59; *State v. Benzenberg*, 101 Wis. 172; *State v. Conlon*, 48 Am. St. Rep. 233-37; *State v. Hinman*, 23 Am. St. Rep. 22; *State v. Ashbrook*, 77 Am. St. Repts. 776, et seq.; *State v. Wagner*, 69 Minn. 206; *State v. Gardner*, 58 Ohio St. 599; *Smith v. L. & N. R. R. Co.*, 75 Ala. 451; *Mayor v. Stonewall Insurance Co.*, 53 Ala. 579; *Phoenix Carpet Co. v. The State*, 118 Ala. 143.

W. S. REESE and J. M. CHILTON, for appellee.—The acts of 1903, p. 231, do not repeal section 19 of the city charter of Montgomery. It was otherwise provided in section 19 that retailers who had paid a license to the city should be expressly exempted from county license, and the act above referred to provides that the court of county commissioners of each county, except in cases otherwise provided, may add to the taxes specified, etc. A license fee is not a tax upon property, and hence the exemption does not create a privileged class.—*Bright v. McCullough*, 27 Ind. 223; *Ould v. Richmond*, 14 Amer. Rept. 139 (Va.); *Youngblood v. Sexton*, 20 Amer. Rep. 654; *Albrecht v. State*, 34 Amer. Rept. 737 (Texas); *State v. Applegarth*, 81 Md. 293 (28 L. R. A. 312); Cooley on Const. Lim. (7th Ed.) 712, 713 and notes.

The license is a part of the police regulations of the city, and it is not necessary that it should be equally levied.—*Burch v. Mayor of Savannah, Ga.*, 42 Ga. 597; Cooley on Taxation, 2d Ed.) 697-8-9 and notes; *Saks v. Mayor of Birmingham*, 120 Ala. 190; *Goldsmith v. Mayor of Huntsville*, 120 Ala. 183.

WEAKLEY, C. J.—Assuming without deciding that the exemption from county license claimed by appellee under the charter of the city of Montgomery was valid and in force at the time of the enactment of the statute of March 4, 1903, entitled "An act to better provide for the revenue of the state" (Gen. Acts 1903, p. 184), the

majority of the court are of opinion that such exemption existed under a "special law," within the meaning of the general revenue law above mentioned, and that such special law, being inconsistent with a provision of said revenue law, was by the latter expressly repealed by virtue of its last clause (page 232), which declared that "all laws and parts of laws, both general and special, inconsistent with the provisions of this act, are hereby repealed." It is contended that, since the Constitution of 1901 defines both local laws and special laws, it must be supposed the Legislature had the difference between them in mind, and that by using the term "special laws" in the repealing clause of the revenue act of 1903 it meant to exclude from repeal any local law; the argument further being that the charter of Montgomery exempting liquor dealers within that city from county license tax is a local law merely. We cannot agree to this contention. The definition of a general law, a local law, and a special or private law found in section 110 of the Constitution of 1901 merely states the meaning of those terms as they are employed in the article of the Constitution in which the section is located, and we are not therefore precluded from holding that upon a proper construction of the revenue act the Legislature meant by "special laws" any laws that were not general and which were inconsistent with the uniform plan for county license taxation the general revenue law of 1903 was designed to adopt. Although the charter of Montgomery was local, in the sense that it applied to a municipality, the exemption therein secured to persons taking out a privilege license from the city was, in a broad and just sense, special and exceptional, and hence inconsistent with that provision of the revenue law of 1903, which declared: "The court of county commissioners of each county, except in cases otherwise provided, may at any regular or special term, add to the taxes specified in this section such amounts not exceeding fifty per cent. of such taxes for county purposes as in their judgment may be necessary."

The use in the repealing clause of the statute of the term "all laws, general and special, in conflict with or

[Gaston, Judge v. O'Neal.]

inconsistent with," etc., is not unusual in our legislation; and in decisions of this court the terms "local law" and "special law" have been used interchangeably.— *Maxwell v. State*, 89 Ala. 150, 7 South. 824; *Holt v. Mayor and Aldermen of Birmingham*, 111 Ala. 369, 19 South. 735. Mr. Justice Tyson in his opinion has shown that the words "except in cases otherwise provided" in the paragrapth above quoted do not operate to save the exemption claimed by appellee, and we concur in his views on that proposition. We are not of opinion that the proviso added to section 4123 of the Code by the act of September 30, 1903 (General Acts 1903, p. 298, § 4), in any event operated to revitalize and restore the exemption in the Montgomery charter, which we have declared the revenue law of March 4, 1903 (Gen. Acts 1903, p. 184), expressly repealed, and hence we do not need to inquire whether the act of September 30, 1903, was or was not constitutionally enacted. The judgment of the city court awarding the mandamus was erroneous.

At the November term, 1903, a judgment was rendered in this case reversing the judgment of the city court and remanding the cause, without any written opinion expressing the views of the majority. Since then the cause has been pending on application by appellee for a rehearing. The opinion expresses the views entertained by the majority of the court as at present constituted, after consideration of the rehearing application, and it results that same must be overruled.

Reversed and remanded. Application for rehearing overruled.

HARALSON, DOWDELL, and DENSON, JJ., concur.

TYSON, J. (dissenting).—The question in this case is whether a retailer of liquor in the city of Montgomery must take out a county, as well as a city and state, license. The court below held that he was exempt from paying the county license, and issued a mandamus accordingly. The authority of the county to levy such a tax prior to the act of March 4, 1903 (Gen. Acts 1903, p. 231), was found in the act of March 5, 1901 (Acts 1900-01, p. 2635), which is in great part section 4122 of

the Code of 1896 amended. This section of the Code did not give the power to the county to levy a tax on licenses, but section 4123 did. When the act of 1901 undertook to amend section 4122, it incorporated in its body section 4123, saying that the counties might "add to the taxes specified in this section such amounts not exceeding fifty per cent. of such taxes," etc. The act of March 4, 1903, amends various subdivisions of the act of March 5, 1901, but seems to leave untouched subdivision 83 of that act and the provisions following it on page 2635, authorizing the counties to levy a license in the cases specified in "this section," meaning section 4122 of the Code as therein amended. The proviso, on page 231 of this act of March 4, 1903, however, evidently intended to embody the power contained in Code 1896, § 4123, and in the act of March 5, 1901 (Acts 1900-01, p. 2635), but by detaching the proviso from the section of the revenue law it was intended to form a part of, and attaching it to a different section, its effect is lost, unless "this section" is construed to mean "this act." Such a construction is allowable, but is unnecessary in this case, since the same provision is in force by the act of March 5, 1901, if not by the act of March 4, 1903. The question, is, as we have stated, whether or not the appellee must pay for a county license.

It is insisted on the one hand that the last provision of Act 1903, "repealing all laws and parts of laws, both general and special, inconsistent with the provisions of that act," is restricted in its operation by the terms of the clause granting power to the counties, because it says the counties may levy the tax in question "except in cases otherwise provided," and that in this case, as the city charter of Montgomery exempted the retailer from the tax, the case was otherwise provided for, and consequently the repealing clause would not operate on the city charter, since there would be no inconsistency in the two acts. On the other hand it is asserted that this argument proves too much, for all laws, general or special, in existence when the act of 1903 was passed, regulating in a different manner county taxation, would have provided otherwise than that act, and would therefore

restrict the grant to the exising status and leave nothing for the repealing clause to operate upon. We think this last contention sound. The words "except in cases otherwise provided,"· in the clause relating to county taxation upon licenses, was in Code 1886, § 630, and Code 1896, § 4123, and seems to be a restriction of the power to levy the tax therein authorized to cases not otherwise provided for by the general law; that is, by the Code. There are in section 4122 of the Code of 1896 and in the ·act of ·March 5, 1901, and the act of March 4, 1903, several instances in which it is provided either that no county license shall be exacted or that one less than 50·per cent. of the state license is prescribed. See subdivisions 35-37 of section 4122 of the Code of 1896, and subdivisions 50, 59, 72, of the act of March 5, 1901. It was therefore necessary for the general power of the counties to levy license taxes to be restricted so as not to operate in cases already or otherwise provided for in the general revenue law. And we think that is the field of its operation.

It remains to consider the repealing clause of 1903. The lower court held that· the provision of the charter of the city of Montgomery exempting retailers paying the city tax from a county tax, if otherwise a valid law, was not repealed by the act of 1903, because it was a "local" and not a "special" law according to the definition of those terms in the Constitution. It is natural to suppose that the Legislature, enacting laws under the Constitution, would use terms therein defined in the sense of such definition. Without looking further, therefore we are authorized to adopt the meaning of the words "local," "special" and "general," as applied to laws in that instrument, and thus hold that the charter of the city of Montgomery, authorizing a city tax and exempting persons paying it from the county tax, being a "local" law, is not repealed by the clause of the act of 1903 specifying general and special laws inconsistent with its terms as being repealed. ·The fact that the act in its terms of repeal, which occur frequently in its body as well as it conclusion, carefully excludes local laws, with one other exception, while specifying general and spe-

cial laws, shows that there was no intention to affect local laws, except when mentioned. The revenue law of 1884 (Acts 1884-85, p. 70) excepted from its operation special and local laws relating to county taxation. The act of 1903, in its repealing clauses throughout the act, omits the word "local," while retaining the word "special," as applied to laws repealed, showing an evident intent to make a distinction between them. And this legislative intention is further manifested, and, indeed, made plain, by the act of September 30, 1903 (Gen. Acts 1903, p. 295), amendatory of the act of March 5, 1903, passed by the same legislative body, wherein power is again conferred on the counties to levy a tax of 50 per cent. etc., "provided, that the provisions of the act shall not affect the exemptions provided by any city charter." And there appears to be good reason why the retailer, paying a license tax to the city, might be exempt from the county tax; for the tax being for government protection in each case, and the city government taking the place in large part of the county within its limits, it is not unreasonable that the exemption from the county tax should be allowed in view of the city assessment.

Numerous objections, however, are urged to the exemption claimed under the charter of the city of Montgomery. The exemption, it appears, has been allowed in every charter of the city from 1837 to this date, and so, as said by the judge of the lower court, "unless the provision has been repealed, it is still the law." We have held that it is not repealed by the revenue act of 1903. It therefore only remains to consider whether it is still a provision of the city charter. The contention is that the law of 1837 was repealed by the general revision of the city charter by the act of 1870, because, that being a general revision and amendment of the charter, the revised act is to be regarded as repealed by the general law, as well as by express terms of the Constitution in reference to amendatory statutes. It could hardly be held that the amendatory statute repeals by implication a term of the old statute which is expressly incorporated in its body. And if the old (charter of 1837) contained two distinct subjects which could not be joined in a new

law, the constitutional provision would not repeal what could not be re-enacted. In such cases the new law would be a repeal of all of the old laws which could have been re-enacted. If, then, it was unconstitutional to prescribe in the charter act of 1870 (Acts 1869-70, p. 368) the legislative effect of paying a city license, the passage of that act would not repeal the valid expression of such effect in a previous law. The conclusion, therefore, is that the exemption claimed is supported by law, so fas as the objection we are considering is concerned, whether it was carried forward by the act of 1870 or by the charter act of 1893.

But we think that it is competent for the Legislature, in granting or amending the charter of a city, to prescribe the entire legislative effect of what is authorized. If a city license is authorized for certain callings and occupations, it would be singular that the Legislature could not say, in the same act and as germane thereto, that the payment of such license fees should be in lieu of county license fees for the same district; and granting in such cases an exemption from the county license is nothing more than · saying what shall be the legislative effect of the city license. The question would naturally arise, in any enactment of municipal laws granting authority to levy license taxes, whether the county extending over the same territory should also exact a license tax. The Legislature could not possibly pass such a law without contemplating that the effect would, unless provided against, be to make persons pay two license taxes besides that to the state. It is thus entirely germane to the subject of such an enactment to prescribe the effect of its passage, which is done by saying that the city license shall be in lieu of the county license. The case of *City Council v. Nat. Building & Loan Association*, 108 Ala. 336, 18 South.. 816, is directly in point. See, also, *White v. Burgin*, 113 Ala. 170, 178, 21 South. 832; *Ballentyne v. Wickersham*, 75 Ala. 533. The case of *Woolf v. Taylor*, 98 Ala. 254, 13 South. 688, is not at all opposed to this view.

It is next insisted that the exemption is unconstitutional because it creates a favored class of those doing

business in the city of Montgomery. It does by no means appear but that supposed flavored class in this instance, residing in the city, do not have to pay more than those residing in the country.—*Travelers' Ins. Co: v. Connecticut*, 185 U. S. 364-368, 22 Sup. Co. 673, 46 L. Ed. 949. Absolute equalitly in taxation is impossible, particularly in license taxation.—*Tappan v. Merchants' N. B.*, 19 Wall. 490, 22 L. Ed. 189; State Ry. Tax Cases, 92 U. S. 575, 612, 23 L. Ed. 663. Taxation for revenue, whether paid to the state, or cities or counties, is all to support state government, and it is entirely competent for the state to prescribe that the payment of a city license tax shall be in lieu of a county license tax for the same district.—*Traveler's Ins. Co. v. Connecticut, supra*. There is no illegal discrimination when all persons in the same situation are taxed alike, which is done in this case; and there is no unjust discrimination in requiring licenses to be rated according to the location of the business stand, or other matters supposed to affect the profits of of the business, or in providing that the payment of a city license shall be in lieu of a county license for the same location and district. License taxation is not a tax on property, and is not governed by the rules of uniformity and equality prescribed for taxation on values —*Saks v. Mayor*, 120 Ala. 190, 24 South. 728; *Goldsmith v. Mayor*, 120 Ala. 182, 24 South. 509. It makes no difference, then, in this case, whether the charter act of the city of Montgomery, approved February 1, 1893, was or was not properly enacted, as the exemption in question is supported by that, if valid, and by the prior acts, if it is invalid.

SIMPSON and ANDERSON, JJ., concur with TYSON, J.