# Mayor and Aldermen of Birmingham v. Goldstein.

## Violating City Ordinance.

(Decided June 4, 1907.  44 South. 113.)

1. *Licenses; Occupation Tax; Ordinance; Construction.*—An ordinance fixing the amount of a license tax on persons pursuing certain vocations in the city and imposing a license tax of fifty cents for each cow used in the production of milk and butter in the dairy business, is a license tax on the occupation of dairying and not a property tax.

2. *Same; Municipal Ordinances; Tax on Occupation.*—Under the authority conferred by the city charter of Birmingham (Local Acts 1898-9, p. 1391) on the city to license, tax and regulate all kinds of businesses and to inspect food products and dairies, and exact a reasonable compensation therefor, the city has the power to impose by ordinance a license tax on dairymen selling milk or butter, at the rate of fifty cents for each cow used in the production of such milk and butter.

3. *Same; Validity.*—An ordinance imposing a license tax of fifty cents for each cow used in the produtcion of milk and butter is the adoption of a method to differentiate the dairymen according to the amount of business done by each, and is valid.

APPEAL from Jefferson Criminal Court.

Heard before Hon. DAN A. GREENE.

E. Goldstein was charged with violating an ordinance of the city of Birmingham requiring dairymen to pay a license tax of fifty cents for each cow used in production of milk and butter sold in the city. Demurrers were sustained to the complaint and the city appeals. Reversed and remanded.

E. D. SMITH, and J. Q. SMITH, for appellant.—Under its charter powers the city had authority to pass the ordinance in question.—Local Acts 1898-9, p. 1391. The license could be levied both as police regulation or revenue or either.—*Gambill v. Erdrich Bros. & Marx,* 143

Ala. 506. Single individual cases are not the test as to whether or not a license tax is unreasonable.—*Saks v. Birmingham,* 120 Ala. 190. The reasonableness of an ordinance is for the court and there is nothing in this case to show that it was unreasonable.—*Johnsin v. Fayette,* 42 South. 621; *Phoenix Ins. Co. v. Fire Dept.,* 117 Ala. 631. Presumption is indulged that the ordinance is valid unless it appears from the face of the ordinance or from evidence that it is not so.—21 A. & E. Ency. of Law, 795; *State v. Trenton,* 11 L. R. A. 610; *Van Hook v. Selma,* 70 Ala. 361. The amount of tax authorized by the constitution and laws of the state on property as such has no reference to specific taxes which may be imposed on occupations and privileges.—*Goldsmith v. Huntsville,* 120 Ala. 182; *Phoenix Co. v. The State,* 118 Ala. 143; *W. U. Tel. Co. v. State Board,* 80 Ala. 273; *Ex parte Marshall,* 64 Ala. 266; *Ex parte City of Montgomery,* 64 Ala. 463. The fifty cents tax is not a tax upon the cow but is a method of grading the amount of business done by each dairyman.—*City of Norfolk v. Flinn,* 44 S. E. 717; *City of St. Louis v. Ellisage,* 1 L. R. A. N. S.; *City of Chicago v. Bartle,* 100 Ill. 57; *Brown v. Mobile,* 25 South. 223; *Kentz v. Mobile,* 120 Ala. 623. The ordinance was not designed to act beyond the limit of the city.—Authorities supra.

WILLIAM VAUGHAN, and J. W. DAVIDSON, for appellee.—The ordinance was beyond the powers of the city to enact and the court properly sustained the demurrers to the complaint.—Dillon Munic. Corp. 768; Burroughs on Taxation, 69; 128 Ill. 465.

SIMPSON, J.—The defendant was arrested and tried for a violation of the city ordinance, requiring persons engaged in the dairy business to take out a license. The

[Mayor and Aldermen of Birmingham v. Goldstein.]

ordinance of the city fixes the amount of license tax to be paid by persons pursuing certain vocations in the city of Birmingham, and one clause is as follows: "Dairy. Each dairyman, person, firm or corporation, who sells sweet milk, skim milk, butter-milk or butter, any or all, produced from cows owned or used by him or it, for each cow used in the production of such milk or butter, fifty cents." The complaint was demurred to by the defendant, and the demurrer was sustained by the court.

The matter in controversy is as to the validity or invalidity of the ordinance in question. The appellee (sustaining the action of the court below) contends that the ordinance "is in contravention of public policy, is unreasonable, in restraint of trade, is class legislation, it attempts to impose unequal taxation, does not impose a fair and equal tax upon all persons and all property alike, is an attempt to tax cows, whether owned in or out of the city, regardless of their value, and regardless of the amount of milk or butter produced."

The first point to be decided is whether or not this is a tax on property. The wording of the ordinance itself answers that question very clearly. It does not provide that there shall be levied upon the following property a tax, etc., but ordains a schedule of license for divers "business, vocations, occupations and professions, engaged in or carried on in the city of Birmingham, Alabama, and each and every person," etc., "engaged," etc., "shall pay for and take out a license," etc.; and in the clause above set out it is the dairyman who takes out the license, and the amount to be paid is regulated by the number of cows used in the production of the milk or butter. So it is clearly a license tax on the occupation. In a case in which banks were required to pay a license tax, graduated by the amount of paid-up capital

stock of the corporation, this court held that it was not a tax on the property, but a franchise tax; and the court, quoting from a previous case, says: "The usual and most certain test is whether the tax is upon the capital stock eo nomine, without regard to its value, or at its assessed valuation. * * * If the former, it is a franchise tax; if the latter, a tax upon the property."— *Phoenix Carpet Co. v. State,* 118 Ala. 143, 151, 22 South. 627, 72 Am. St. Rep. 143. The same reasoning would differentiate a license tax from a tax on the property, and show that the tax in this case is a license tax on the occupation.

The charter of the city of Birmingham confers ample power to license, tax, and regulate all kinds of business, and provides that this power "may be used in the exercise of the police powers, as well as for the purpose of raising revenue, one or both." It also confers full powers for the inspection of food products, mentioning specially "all dairies in the county of Jefferson, the owner of which in any manner disposes of milk in said city," and to require the payment of reasonable charges for such inspection.—Loc. Acts 1898-99, p. 1391. There can be no question, then, of the power of the city of Birmingham to tax this occupation, either as a police measure, or a revenue measure, or for both. In further illustration of the principle that this is merely a license tax on the occupation, and not in any sense a tax on the property, this court has held that a tax on the gross amount of the sales of a merchant is not a tax on the goods themselves, or on the fruits of the sales, but on the business of selling.—*Goldsmith v. Mayor, etc., of Huntsvills,* 120 Ala. 182, 185, 24 South. 509; *Saks v. Mayor, etc., of Birmingham,* 120 Ala. 190, 24 South. 728.

Wherein, then, consists the unconstitutionality? It is settled that our constitutional provision with regard

to uniformity in taxation does not apply to license taxes. The only uniformity required in license taxation is "in the imposition of the like tax upon all who engage in the avocation, and who may exercise the privilege taxed."— *Phoenix Carpet Co. v. State,* 118 Ala. 152, 22 South. 628, 72 Am. St. Rep. 143. In fact, perfect equality is unattainable, and the only limitation on license taxation seems to be that it must not be so unreasonable as to show a purpose to prohibit a business which is not in itself injurious to public health or morals.—1 Cooley on Taxation (3d Ed.) p. 258 et seq.; 2 Cooley on Taxation (3d Ed.) p. 1133 et seq. While there must be a proper classification, yet that very classification suggests that it is often proper to make a distinction between those engaged in the same business according to the amount of business done, and in thus classifying a large discretion must be left to the legislative department. Unless it is unreasonable, arbitrary, or oppressive, it will not be interferred with by the courts.

Where a license tax was imposed on railroad companies doing business in the state, it was held that a license tax "for each main line of railroad used in connection with such business" was legal, and that one company operating several lines must pay the license tax for each line.—*City of Anniston v. Southern Railway Co.,* 112 Ala. 558, 566, 20 South. 915, 916. Also, that a license tax on retail merchants, graded according to the amount of stock employed in the business, is a tax on the business, and valid.—*Saks v. Mayor, etc., of Birmingham,* 120 Ala. 190, 24 South. 728; *Goldsmith v. Mayor, etc., of Huntsville,* 120 Ala. 182, 24 South. 509· Likewise, where a license tax for vehicles used in transportation was fixed at $7.50 for each vehicle so used, it was held that the tax was not on the vehicle, but was simply a means for ascertaining the tax to be imposed

[Mayor and Aldermen of Birmingham v. Goldstein.]

against the owner for engaging in the business.— *Browne v. City of Mobile,* 122 Ala. 160, 25 South. 223. It is true that there are some expressions in the case of *Police Jury v. Nougues,* 11 La. Ann. 739, which seem to take a different view as to such a tax being on the property, yet, in addition to the fact that that case is not authority in this jurisdiction, and could not have any weight against the principles established by our own court, there was also another principle which had weight in that case, to-wit, that it did not levy the tax on all dairymen similarly situated. On the other hand, the Supreme Court of Appeals of Virginia held that a license tax on milk venders, which required each applicant for license to pay 50 cents per cow and $2 per milk stand, was not a tax assessed, but an inspection fee, and was valid.—*City of Norfolk v. Fynn,* 44 S. E. 717, 101 Va. 473, 62 L. R. A. 771, 99 Am. St. Rep. 918.

It has long been the law in this state that peddlers traveling in a wagon drawn by two horses paid a different license tax from that paid by those who use a one-horse wagon. We hold, then, that in this case the 50 cents per cow was simply a method adopted for differentiating the dairymen according to the amount of business done, and that the ordinance is valid.

The judgment of the court is reversed, and the cause demanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.