### STANDARD OIL CO. v. CITY OF SELMA.
(2 Div. 911.)

Supreme Court of Alabama. April 21, 1927.

**1. Licenses ⚌7(1)—Ordinance taxing gasoline shipped from within corporate limits to points outside, but within police jurisdiction, held not forbidden by statute (Code 1923, § 2173).**

Ordinance fixing license tax of 1 cent per gallon on gasoline transported from storage within corporate limits to points outside, but within police jurisdiction, is not forbidden by Code 1923, § 2173, prohibiting taxation on business conducted and operated wholly outside corporate limits.

**2. Licenses ⚌8(1)—"Conduct and operation" of business within statute prohibiting cities from taxing businesses conducted outside limits is not restricted to completion of sales or deliveries (Code 1923, § 2173).**

"Conduct and operation" of a business within Code 1923, § 2173, prohibiting municipalities from taxing businesses conducted and operated outside corporate limits, is not restricted to mere completion of sales or deliveries outside the city limits.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Operate.]

**3. Licenses ⚌7(1)—Statute permitting municipalities to require reports for taxation purposes does not limit taxation to bases of reports so as to invalidate gasoline tax (Code 1923, § 2154).**

Code 1923, § 2154, permitting municipalities to require from businesses statements of capital, sales, and receipts for taxation purposes, does not limit the mode for determining amount of tax to bases of reports so as to render invalid a tax per gallon on gasoline transported from within to points outside corporate limits.

**4. Licenses ⚌6(3)—Oil corporation with offices and stocks in city may be subject to city license tax regardless of territory to which it shipped stocks (Code 1923, § 2154).**

Oil corporation having business office and gasoline stocks located, stored, and operated within corporate limits would be subject to license tax by city, regardless of territory to which it shipped its stocks, under Code 1923, § 2154, authorizing municipalities to license businesses except as prohibited by law.

**5. Licenses ⚌7(5)—License tax on gasoline shipped from within to points outside corporate limits held to be tax only on business within city.**

License tax on gasoline shipped from storage within to points outside corporate limits, but within police jurisdiction, held to be tax only on business within city.

**6. Licenses ⚌7(5)—License on gasoline business within city limits held valid under statute even if without statute it would be discriminatory (Const. U. S. Amend. 14; Const. Ala. 1901, §§ 1, 35, 89; Code Ala. 1923, § 2173).**

License tax on gasoline business within city limits held valid under Code Ala. 1923, § 2173, forbidding taxation of business conducted outside the city, even if in absence of statute it would be discriminatory and offensive within Const. U. S. Amend. 14, and Const. Ala. 1901, §§ 1, 35, and section 89, prohibiting Legislature from authorizing municipalities to pass laws inconsistent with state laws.

Appeal from Circuit Court, Dallas County; H. F. Reese, Judge.

The Standard Oil Company was convicted of violation of an ordinance of the city of Selma, and it appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

This appeal is from a judgment of the circuit court convicting the appellant, Standard Oil Company, of the violation of an ordinance of the city of Selma.

The complaint charges that the defendant did ship, transport, or deliver gasoline from the storage point or place of business of the Standard Oil Company in the city of Selma to points outside of the corporate limits of the city of Selma but within the police jurisdiction thereof, and did fail or omit to pay a license on gasoline so shipped, transported, or delivered in violation of an ordinance of the city of Selma, setting out such ordinance.

---

Demurrers to the complaint being overruled, the cause was submitted on the following agreed statement of facts:

"The defendant had a place of business and storage point within the city limits of said city of Selma for storage of gasoline during the month of June, 1926, and did, during such month of June, 1926, ship, transport or deliver, to ·wit, 10,000 gallons of gasoline from said storage point or place of business within the said city limits to points outside said corporate limits, but within the police jurisdiction of the said city of Selma, and has failed and refused and still fails and refuses to pay the license tax provided by said ordinance, namely, 'a sum and amount equal to 1 cent on each and every gallon of gasoline' shipped, transported, or delivered by a a distributor or seller at or from its storage point of place of business in the city of Selma to any point within the police jurisdiction of the city of Selma. That defendant is a corporation organized under the laws of the state of Kentucky. That defendant had paid the license as provided by section 8 of said ordinance, and had paid all license taxes fixed by said ordinance for gasoline sold or delivered in the corporate limits of the city of Selma. That during June, 1926, there were other distributors or sellers of gasoline that did not have a storage point or place of business in the city of Selma, but who shipped, transported or delivered gasoline to points outside the corporate limits of Selma, but within the police jurisdiction of said city of Selma. That the gasoline so shipped, transported, or delivered by defendant from its storage point or place of business in the city of Selma to points outside the corporate limits of the city of Selma, but within the police jurisdiction thereof, in June, 1926, was not sold within the city limits of said city of Selma."

Pettus, Fuller & Lapsley, of Selma, for appellant.

The ordinance in question is in direct conflict with a general law of the state and is invalid. Code 1923, § 2173; Const. 1901, § 89; Woco Pep Co. v. Montgomery, 213 Ala. 452, 105 So. 214; Puffer Mfg. Co. v. Kelly, 198 Ala. 131, 73 So. 403; Citizens' Nat. Bank v. Buckheit, 14 Ala. App. 511, 71 So. 82. The ordinance unfairly and unjustly discriminates against the defendant, and is therefore void. Woco Pep Co. v. Montgomery, supra; Gamble v. Montgomery, 147 Ala. 682, 39 So. 353; Consolidated Coal Co. v. Illinois, 185 U. S. 203, 22 S. Ct. 616, 46 L. Ed. 872; State v. Shapiro, 131 Md. 168, 101 A. 703, Ann. Cas. 1918E, 196. Said ordinance is unreasonable, in the creation of the class upon which the burden of the tax is imposed, and does not apply equally to all others engaged in the occupation or the exercise of the privilege taxed. Authorities, supra; Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209; Const. U. S. Amend. 14; Lawton v. Steele, 152 U. S. 137, 14 S. Ct. 499, 38 L. Ed. 385; Const. Ala. §§ 1, 35. The ordinance attempts to levy a tax on a business conducted outside the city limits and is void. Authorities, supra.

Leo Leva and Hugh Mallory, both of Selma, for appellee.

The city of Selma has the authority to adopt and enforce the ordinance in question. Goldsmith v. Huntsville, 120 Ala. 182, 24 So. 509; Saks v. Birmingham, 120 Ala. 190, 24 So. 728; Code 1923, § 2154; State v. Parker, 5 Ala. App. 231, 59 So. 741; Capital City W. Co. v. Board of Rev., 117 Ala. 303, 23 So. 970; Southern Ex. Co. v. City of Tuscaloosa, 132 Ala. 326, 31 So. 460; Birmingham v. Goldstein, 151 Ala. 473, 44 So. 113, 12 L. R. A. (N. S.) 568, 125 Am. St. Rep. 33; Ridgeway v. Bessemer, 9 Ala. App. 470, 64 So. 189; Western Union v. State Board, 80 Ala. 273, 60 Am. Rep. 99; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; Texas Co. v. Brown, 258 U. S. 466, 42 S. Ct. 375, 66 L. Ed. 721; Foster & Creighton Co. v. Graham (Tenn.), 285 S. W. 570; Grayburg Oil Co. v. State (Tex. Civ. App.) 286 S. W. 489.

SOMERVILLE, J. The ordinance under which appellant was convicted and fined, so far as it need be stated here, is as follows:

"Section 1. * * * The word 'distributor' and the word 'seller' shall include every person, as the word 'person' is above defined, who shall engage in selling gasoline, within the corporate limits of the city of Selma, or of shipping, transporting or delivering gasoline as herein defined at or from its storage point or place of business in the city of Selma to any point within the city of Selma or to any point within the police jurisdiction of the city of Selma.

"Section 2. Every distributor or seller as above defined shall pay a license tax to the city of Selma, and a license is hereby fixed and created, which license tax shall be a sum and amount equal to 1 cent on each and every gallon of gasoline sold or delivered in the corporate limits of the city of Selma or shipped, transported, or delivered by a distributor or seller at or from its storage point or place of business in the city of Selma to any point within the police jurisdiction of the city of Selma."

As stated in brief of counsel for appellant, the principal point presented by the appeal is whether or not this ordinance, in attempting to fix a license tax of 1 cent per gallon on gasoline shipped, transported, or delivered from within the corporate limits of Selma to points outside the corporate limits, but within the police jurisdiction, is in conflict with section 2173 of the Code of Alabama 1923, which reads as follows:

"No municipality of this state shall assess or collect any privilege or license tax, or fee, from any person, firm, or corporation for carrying on any business, trade or profession, when the conduct and operation of such business, trade or profession is wholly outside the corporate limits of such municipality."

Another contention is that this ordinance is not authorized by section 2154 of the Code

of 1923, which is the only source of authority for the imposition of license taxes of this character.

Appellant contends also that the ordinance is discriminatory and unfair and unreasonable in its operation upon its business, and is in conflict with the Fourteenth Amendment to the federal Constitution.

In the case of Standard C. & O. Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522, decided in December, 1917, this court held that a municipality could levy a license tax, under its police power, on a manufacturing plant located beyond the territorial limits of the city, but within the area of its police jurisdiction. No doubt section 2173 of the Code was enacted for the purpose of neutralizing the decision in the Troy Case.

[1, 2] But we do not see how that section can be construed as an inhibition upon the taxation of a business whose plant or managing office is located within the corporate limits of the tax-imposing city, and whose business, or that phase of it which is taxed, and is properly taxable, is conducted from its plant or office so located. The tax is forbidden only "when the *conduct* and *operation* of such business, trade or profession is *wholly* outside the corporate limits of such municipality." (Italics ours.) "Conduct and operation," as here intended, cannot be restricted to the mere completion of sales or of deliveries outside the city limits, because the completion of those acts is only a part of the conduct and operation of the business, an essential part of which may be, as in the instant case, the storing and keeping of goods within the city limits, the receipt of orders therein, and the shipping out of such goods from their place of storage. This intendment of the statute is, we think, made unmistakably plain by the use of the word "wholly," meaning that the inhibition laid on the taxing power of municipalities does not apply to any business *any phase or feature* of which is conducted *within* the corporate limits.

We conclude that the ordinance in question is not offensive to section 2173 of the Code, and cannot be avoided on that ground.

[3] Section 2154 of the Code authorizes municipal corporations "to license any exhibition, trade, business, vocation, occupation, or profession not prohibited by the Constitution or laws of the state, which may be engaged in or carried on in the city or town; to fix the amount of licenses, the time for which they are to run not exceeding one year, and provide a penalty for doing business without a license, and to charge a fee of not exceeding 50 cents for issuing each license; to require sworn statements as to the amount of capital invested, or value of goods or stocks, or amounts of sales or receipts where the amount of the license is made to depend upon the amount of capital invested, or value of goods or stocks or amount of sales or receipts."

The argument is that the ordinance is not within authorized municipal action because it bases the license imposed, not upon "the amount of capital invested, or value of goods or stocks or amounts of sales or receipts," but upon the amount of gasoline "shipped, transported or delivered at or from its storage point or place of business in the city of Selma." But, manifestly, the statute does not limit the mode for determining the amount of the tax to the bases above quoted, though doubtless the power of the city to require sworn statements from the person or corporation taxed is limited to those particular features of the business. Rather does the statute *assume* the power of the city to adopt a mode for fixing the amount of the tax which is based upon some feature of the business, indicative of its magnitude or volume, without undertaking to restrict the modes that may be adopted.

[4] The license tax here complained of is imposed upon every person who sells gasoline within the corporate limits of Selma, or who, having a storage point or place of business in Selma, ships, transports or delivers it from such place to any point within the police jurisdiction of Selma outside of the city limits. Very clearly the appellant corporation, with its business office and gasoline stocks located, stored and operated *within the city*, was subject to a license tax regardless of the territory to which it shipped such stocks, either on account of sales made from its city office, or for sale or storage at other localities. This license might, with legal propriety, have been measured and determined by the number of gallons of gasoline handled by appellant at its Selma storage plant or through its Selma office. Birmingham v. Goldstein, 151 Ala. 473, 44 So. 113, 12 L. R. A. (N. S.) 568, 125 Am. St. Rep. 33; Republic I. & S. Co. v. State, 204 Ala. 469, 86 So. 65; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214 (3). This being so, it is not apparent why the gallonage basis may not be limited to the number of gallons, taken from a storage point within the city, which may be sold within, or transported to, a *restricted territory*. The only effect of such a restriction is to reduce the amount of the tax; and, being in fact comparatively beneficial, it is difficult to see how it can be injuriously or unjustly discriminatory.

[5] This tax is not a license tax for doing business in the police limits of Selma, but only for conducting a business *within the city itself*. The insistence, however, is that it discriminated in favor of competitive dealers who sell gasoline within the police limits, but conduct their business entirely outside of the city, thus giving to outsiders an advantage of 1 cent a gallon in the cost of handling and distribution.

[6] The argument in this behalf is ingenious and forceful, yet we think it is fully re-

futed by a single consideration. "Discrimination," in the aspect here presented, necessarily implies a voluntary choice on the part of the Selma city council to impose the tax burden in question upon dealers of appellant's own class and physical location, and not to impose it upon other outside dealers who sell in the same territory—that is, in the police limits outside of the city. If it were conceded, for the argument only, that, in the absence of statutory restriction, this license tax ordinance would be discriminatory and invalid for the reason urged, yet, in view of section 2173 of the Code, supra, which forbids the imposition of such a tax upon outside dealers, the theory of a discrimination in their favor cannot be sustained. In the same case would be every statute or ordinance in this state imposing a tax, for example, upon the business of making and selling men's clothing. A restriction of the tax to tailors located within the state or city, and excluding those located in other states whose business done here is interstate commerce, would be a *compulsory* discrimination, of which local tailors could not complain.

We conclude that the taxing ordinance in question is not offensive to any provision of the state or federal Constitution, with special reference to sections 1, 35, and 89 of the state Constitution, and to the Fourteenth Amendment to the federal Constitution.

It results that the judgment of the circuit court must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.