We are concerned here with several appeals that have been consolidated. The City of Birmingham appeals from the denial of its petition to enforce license taxes alleged to be due from Stegall Company, Inc., Lenz-Ramseur, Inc., and Brown Mechanical Contractors. The above-named companies appeal from the denial of their counterclaim for a declaratory judgment that the city's license classification for air conditioning and heating contractors is null and void because it is violative of the federal and state constitutions.
The issues raised on these appeals are as follows:
 1. Did the trial court correctly hold that Section 69 (and to the extent applicable, its predecessors) of the Birmingham License Code is not invalid and unconstitutional on its face, though it discriminates among members of the class of contractors?
 2. Did the trial court correctly hold that Section 69 is not invalid and unconstitutional insofar as it authorizes a revenue tax on business conducted, at least in part, outside the corporate limits of Birmingham?
 3. Did the trial court correctly hold that Section 69 was applied arbitrarily and capriciously to the defendant heating and air conditioning contractors?
We answer these questions in the affirmative, and we affirm the decision of the trial court.
The pertinent facts are as follows:
In 1981, the City of Birmingham's Director of Finance conducted audits of those companies that were taxed for licenses to do air conditioning and heating contracting under License Classification 69 of the city's 1980-81 License Code. When possible, the audit for a year was made from available records and information furnished by the taxpayer. When records for a particular year were not available, the city's auditors made estimates based on records of the taxpayer for other years.
Classification 69 has no maximum fee for a license to engage in air conditioning and heating contracting. The license tax due each year for such contracting is measured by a percentage of a contractor's gross receipts for the preceding year.
The city filed a petition in the Circuit Court of Jefferson County to enforce payment of license taxes allegedly owed by Stegall, Lenz-Ramseur, and Brown Mechanical for the calendar years 1977-1981. The three companies answered the petition jointly, and added a counterclaim for a declaratory judgment that Section 69 of the license code is null and void. The companies, though they admitted that the license taxes sued for had not been paid, denied that the taxes were due on the basis that they were discriminatory, confiscatory, double taxation, and violative of their rights to equal protection and due process of the law.
The trial court held that the ordinance establishing Classification 69 was constitutional, but that it was applied arbitrarily *Page 93 
and capriciously to the three taxpayers in that auditors without proper training and established guidelines to follow determined which gross receipts from outside the city would be used in computing the license fees due.
The companies argue that Classification 69 is invalid and unconstitutional on its face because it provides for the taxation of air conditioning and heating contractors based on a percentage of their gross receipts without a maximum license fee, while the license taxes imposed on all other contractors have maximum fees. They say that the separate classification of air conditioning and heating contractors constitutes discrimination among contractors as a class without any rational basis.
The trial court found that air conditioning and heating contractors were treated differently than other contractors under the license code of the city. However, the court, following the test approved by this court in Ray E. LoperLumber Co. v. State, 269 Ala. 425, 113 So.2d 686 (1959), concluded that there is at least a conceivable state of facts which would support the discrimination in Classification 69. We agree. In Haden v. Watson, 270 Ala. 277, 281, 117 So.2d 694,697 (1960), this court said:
 Legislative classifications in tax matters are presumably valid, the burden being on the challenger to prove that such a classification or subclassification does not rest on a reasonable basis and such statutes are not to be deemed unconstitutional or invalid if any state of facts can be conceived which would support the subject of the tax.
The record contains evidence that a large portion of the business of air conditioning and heating contractors is generally the sale of equipment and the fabrication of duct work. Moreover, counsel for the city has argued that Classification 69, like other classifications in the license code, was established to require only one license for air conditioning and heating contractors, though their manufacturing and selling activities might otherwise justify a requirement of multiple licenses.
We now address the companies' argument that Classification 69 is invalid and unconstitutional because it provides for double taxation and impermissibly authorizes the levy of a revenue tax on business not carried on within the corporate limits of Birmingham. The trial court disagreed, citing this court's decision in Standard Oil Co. v. City of Selma, 216 Ala. 108,112 So. 532 (1927), as authority for its holding. We think the trial court was correct.
In Standard Oil Co. v. City of Selma, the court considered whether an ordinance that fixed a license tax of 1 cent per gallon on gasoline shipped, transported, or delivered from within the corporate limits of Selma to points outside those limits, but within its police jurisdiction, was in conflict with Code 1923, § 2173, which stated:
 No municipality of this state shall assess or collect any privilege or license tax, . . . for carrying on any business . . . when the conduct and operation of such business is wholly outside the corporate limits of such municipality.
The court carefully indicated that the tax in that case, as in this case, was "only for conducting a business within the city itself," and concluded:
. . . we do not see how that section can be construed as an inhibition upon the taxation of a business whose plant or managing office is located within the corporate limits of the tax-imposing city, and whose business, or that phase of it which is taxed, and is properly taxable, is conducted from its plant or office so located. The tax is forbidden only "when the conduct and operation of such business is wholly
outside the corporate limits of such municipality." (Italics ours.)
The court said further:
. . . the inhibition laid on the taxing power of municipalities does not apply to any business any phase or feature of which is conducted within the corporate limits.
216 Ala. at 110, 112 So. at 533.
We think that this holding is controlling in this case, since the companies have failed to show that Classification 69 imposes a tax on *Page 94 
anything other than the privilege of doing business within the City of Birmingham alone, as measured by those gross receipts of an air conditioning and heating contractor that are produced by the conduct or operation of such business within that municipality.
We turn to a consideration of the taxpayers' argument that Classification 69 has been unconstitutionally applied to those within the subclassification of air conditioning and heating contractors. The companies assert that in the process of conducting audits to determine the total gross receipts of those contractors licensed under Classification 69, the city's auditors have included and excluded receipts from work conducted outside the City of Birmingham without any formal training, guidelines or standards for making such inclusions and exclusions. After a thorough review of the record, we agree with the trial court that this auditing process was conducted in an arbitrary and capricious manner.
At trial, one auditor indicated that she would exclude those receipts for work conducted outside Birmingham if there was an office with a payroll and with purchase licenses for its location. Her testimony was directly contradicted by the testimony of the Director of Finance for the City of Birmingham. He said that all gross receipts from business conducted within the State of Alabama would be included. In addition, the tax and license administrator for the city testified that such receipts would not be included if they were received by a "branch office," however, he said that there were no established criteria or procedures for determining whether an office was a branch office.
It is axiomatic that a law must be applied equally to all members of a class established by the law. As this court stated in State v. Pure Oil Co., 256 Ala. 534, 538, 55 So.2d 843, 846
(1951) (emphasis added):
 "Tests for the determination of the operation or administration of a law or ordinance as to a classification contained therein within the Constitutions, state and federal, are that the class (1) must be germane to the purpose of the law; (2) must bring within its influence all who are under the same conditions and apply equally to each person or member of the class, or each person or member who may become one of such class; (3) must not be so restricted and made to rest upon existing circumstances only as not to include proper additions to the number included within the class; (4) must be based on substantial distinctions which make one class different from another; and (5) must be reasonable under the facts of the case, and not oppressive and prohibitive. [Citations omitted.] This is necessary to secure uniformity in the operation, administration, and proper distribution of the burden of government." [Citations omitted.] Woco Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 105 So. 214, 218.
Having considered the facts concerning the audits in the light of the above-quoted authority, we conclude that the application of Classification 69 with regard to the inclusion of gross receipts for business conducted outside of the City of Birmingham was arbitrary and capricious, and, therefore, invalid. The city's request for relief was properly denied by the trial court.
The city also appeals from the trial judge's denial of its motion to reopen the case against Stegall solely for the purpose of formally introducing into evidence the audit of Stegall prepared by a city auditor. At trial, the attorney for the city failed to formally introduce the audit though it was the subject of both direct and cross examinations. We do not think that it is necessary to address this issue, because we agree with the trial court's conclusion that Classification 69 was arbitrarily and capriciously applied to Stegall, as well as Lenz-Ramseur and Brown Mechanical.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur. *Page 95