MADDOX, Justice.[1]
The issue in these appeals is whether the City of Tuscaloosa can impose on businesses located within its corporate limits a li *14 cense fee based upon the gross receipts of those businesses despite the fact that some of those receipts are derived from transactions conducted outside the city’s corporate limits.
The facts were stipulated to by the parties. Plaintiffs in No. 87-454 are Tuscaloosa Vending Company, Inc., and Kyle Office Supply, Inc.; both are businesses located within the corporate limits of Tuscaloosa. Both do business within the city, but they also do business outside the city’s corporate limits and outside its police jurisdiction. The plaintiffs in No. 87-455 are a number of pest control companies that are located within Tuscaloosa and that do business both within and outside the city’s jurisdiction.
Tuscaloosa has an ordinance that imposes a business license fee based upon the gross receipts of a business, and that ordinance defines “gross receipts” to include the total receipts of the business regardless of the place where the sale or service occurs and regardless of the place of delivery. Each plaintiff can accurately measure its receipts and can divide them between those derived within the city limits of Tuscaloosa, those derived outside the city limits but within the police jurisdiction, and those derived outside both the corporate limits and the police jurisdiction.
In the trial court, the plaintiffs challenged only the authority of the city to impose a license fee based upon gross receipts. The trial court ruled in favor of the plaintiffs.
We are of the opinion that this case is controlled by our decision in City of Birmingham v. Stegall Co., 439 So.2d 91 (Ala.1983), wherein we upheld the City of Birmingham’s license tax, which was based upon gross receipts, including receipts from business carried on outside the corporate limits. We stated:
“We now address the companies’ argument that Classification 69 is invalid and unconstitutional because it provides for double taxation and impermissibly authorizes the levy of a revenue tax on business not carried on within the corporate limits of Birmingham. The trial court disagreed, citing this court’s decision in Standard Oil Co. v. City of Selma, 216 Ala. 108, 112 So. 532 (1927), as authority for its holding. We think the trial court was correct.”
439 So.2d at 93.
The plaintiffs set forth a number of policy reasons why their interpretation of the city’s licensing authority is the more equitable one; they argue that hardships will occur to a company that is based in one municipality but does business in other municipalities that also base their license fees on gross receipts. This Court is aware that a number of municipalities in this state are contiguous and that many have overlapping police jurisdictions. There are reasonable policy arguments on both sides of this issue; however, the Legislature is the body that must choose between such conflicting policy considerations. This Court has held that a license fee such as this one is authorized by the statutes; any decision to alter that grant of authority must be made by the Legislature.
We are not persuaded that the reasoning of City of Birmingham and Standard Oil is incorrect. Therefore, the judgment of the trial court in this case is reversed, and this cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. Justice Maddox did not sit for oral arguments. but he listened to the tape recording.