# Ridgeway *v.* City of Bessemer.

## *Habeas Corpus.*

(Decided January 15, 1914.   64 South. 189.)

1. *License; Privilege Tax.*—An ordinance imposing a license tax upon the various businesses carried on in the city providing for a payment for license tax of dairymen of $1 for each cow on twenty cows or less, and all over, 50 cents, was not invalid on its face as unreasonable in amount.

2. *Same; Occupation Tax; Construction.*—Under an ordinance providing a privilege tax on the business of dairying of $1 for each cow for twenty cows or less, all over 50 cents each, a dairyman is required to pay tax only on the cows actually used in conducting the business in the city.

3. *Same; Occupation Tax.*—A tax imposed by an ordinance licensing various businesses, professions or vocations carried on in the city, among them, dairying, is a license tax on the occupation of a dairyman doing business in the city, and not a property tax.

4. *Municipal Corporations; Ordinances; Validity.*—Section 1339, Code 1907, authorizes the imposition of a privilege tax upon dairymen by ordinance duly passed, and the policy or reasonableness of its adoption cannot be inquired into.

5. *Habeas Corpus; Issues.*—On habeas corpus to discharge a prisoner from custody on a conviction for violating a municipal ordinance where it appeared that he was doing the business in the city prohibited by the ordinance without license, only the validity of the ordinance, and the jurisdiction of the court can be considered, and the fact that a mistake was made in counting the cows, etc., is not grounds for discharging the defendant.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

T. J. Ridgeway was convicted of violating an ordinance of the city of Bessemer, and he brings habeas corpus to be discharged from the custody of the city authorities. From a judgment denying his petition and remanding him to the custody of the municipal authority he appeals. Affirmed.

SCOTT & ALDRIDGE, for appellant. Habeas corpus is the proper remedy to test the validity of the ordinance.

—*Ex parte Patterson,* 51 L. R. A. 654. The direct question presented is the unreasonableness of the ordinance with the burden on the petitioner.—28 Cyc. 396. Although the ordinance may appear reasonable, it may be shown by evidence aliunde to be unreasonable.—28 Cyc. 368. When it is considered that he sold milk from twenty-five cows in the city of Bessemer, and that the city demanded a license for fifty-six cattle, it appears that the license was unreasonable and oppressive.— *Town of Greensboro v. Ehrenreich,* 80 Ala. 581; 28 Cyc. 390. The defendant was not within the jurisdiction of the court.—*Ex parte Bizzell,* 112 Ala. 210; *Jones v. Hines,* 157 Ala. 624.

L. HERBERT ETHRIDGE, for appellee. The ordinance is valid on its face.—*Van Hook v. City of Selma,* 70 Ala. 361. It was authorized by section 1339, Code 1907, and will be held valid whether the court thinks it necessary or even reasonable.—*Lindsey v. Anniston,* 104 Ala. 255; *Dreyfus v. City of Montgomery,* 58 South. 750. The city had a right to impose a license and collect it whether the cows were kept inside or outside of the city, as the tax is a privilege and not a property tax.—*Mayor & Aldermen of Birmingham v. Goldstein,* 151 Ala. 472; *Ex parte Bizzell,* 112 Ala. 210.

PELHAM, J.—This appeal is from an order and judgment of the judge of the Bessemer city court denying the prayer of the appellant as petitioner in the lower court to be discharged on habeas corpus, and remanding him to the custody of the municipal authorities to be held on a conviction for the violation of a city ordinance. The appellant was tried and convicted in the mayor's, or recorder's court of the city of Bessemer for a violation of a city ordinance imposing a license or

privilege tax on every firm, person, or corporation doing the business of a dairyman in the city. The annual license fee fixed by said ordinance was at the rate of $1 each for 20 cows or less, and 50 cents for each additional cow. The ordinance in question, ordaining a schedule of licenses for various and divers "businesses, professions, or vocations carried on or engaged in, in the city of Bessemer, Ala.," provided for the payment of a license tax on dairymen for the year 1913 as follows: "Dairyman, 20 cows or less, $1.00 each cow, all over 50 cents each." The appellant did not appeal from the judgment of conviction in the recorder's court, but after conviction sued on a writ of habeas corpus attacking the validity of the ordinance and the jurisdiction of the recorder's court.

The ordinance under which the defendant was convicted does not seem to us to be invalid on its face. The amount exacted as a tax for conducting the business cannot be said to be unreasonable.

The amount fixed on each cow as a graduated method of computation in proportion to the business done has reference, under a reasonable construction of the ordinance, only to the cows used in the business of one conducting a dairy business in the city.

The amount to be paid as a license tax is regulated by a reasonable construction of the terms of the ordinance to the number of cows actually used by the dairyman in carrying on such a business in the city; and, if an improper amount of license tax be exacted or demanded because of making an incorrect count of the cows so employed, or because of including animals not used in conducting the business licensed, that is not a matter that can be inquired into in a proceeding of this kind, where the validity of the ordinance and the jurisdiction of the court are the only proper and legitimate

[Ridgeway v. City of Bessemer.]

subjects of inquiry, and not the guilt or innocence vel non of the petitioner. This is not a proceeding in which the correctness or fairness of the methods employed by the city authorities charged with that duty, in making the count of the cows used by petitioner in carrying on the business, for the purpose of estimating or fixing the amount of the tax to be paid, can be inquired into. If the petitioner desired to contest that question, he should have appealed from the judgment rendered against him in the recorder's court, and gone into that matter before the court to which the case was appealed on a trial de novo.

Section 1339 of the Code is an express grant of power to adopt such an ordinance on the part of the municipality, and the policy or reasonableness of its adoption cannot be inquired into.—*Dreyfus v. City of Montgomery*, 4 Ala. App. 270, 58 South. 730; *Lindsay v. Mayor, etc., of Anniston*, 104 Ala. 257, 16 South. 545, 27 L. R. A. 436, 53 Am. St. Rep. 44.

The appellant was confessedly doing a dairy business in the city, and it made no difference that he lived and kept his cows outside of the corporate limits of the city so far as the imposition of the privilege tax is concerned, either with reference to its validity or the jurisdiction of the court enforcing it, for the tax is not a property tax, but is clearly a license tax on the occupation of a dairyman carrying on or doing business within the city. —*Major, etc., v. Goldstein*, 151 Ala. 473, 44 South. 113.

The assignments of error are not well taken, and the order and judgment of the lower court, denying the prayer of the petitioner and remanding him to the custody of the municipal authorities, will be affirmed.

Affirmed.