(108 So. 355)

### EDGIL v. CITY OF CARBON HILL.
(6 Div. 640.)

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied May 13, 1926.)

**1. Municipal corporations &#9740;642(4)—In absence of assignment of error, conviction under municipal ordinance will be affirmed.**

In absence of assignment of error on appeal, judgment of conviction for violation of municipal ordinance, which is quasi criminal case, will be affirmed.

**2. Criminal law &#9740;1178.**

Where appellant does not sufficiently insist on specific error assigned, it is treated as waived.

**3. Criminal law &#9740;1129(8)—Where assignments are subsequent to submission of cause, or are only urged in supplemental brief, they do not operate as proper assignment and argument thereof.**

Where assignments are subsequent to submission of cause, or are only urged in supplemental brief, they do not operate as proper assignment and argument thereof.

**4. Licenses &#9740;42(4)—Evidence held to warrant conviction for selling oil without license required by ordinance (Code 1923, § 2173).**

Evidence *held* to warrant conviction for selling oil without license required by ordinance, where accused, making deliveries for dealer in another town, took orders for future delivery, since employer's license in town where he was located was not authority to do business outside its corporate limits, in view of Code 1923, § 2173.

---

&#9740;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Licenses ☞40.**

Agent of seller may be prosecuted for violation of ordinance requiring seller to procure license to do business within town.

**6. Licenses ☞15(1)—Ordinance requiring license to do business within town will not operate against wholesale dealer shipping merchandise in by common carriers.**

Ordinance requiring license to do business within town will not operate against wholesale dealer shipping merchandise in by common carriers, since in such case delivery to carrier is in legal effect delivery to purchaser.

On Rehearing.

**7. Licenses ☞40—Delivery of goods to neighboring town by truck belonging to seller and driven by his agent held to constitute doing business in such town without license.**

Delivery of goods to neighboring town by truck belonging to seller and driven by his agent *held* to constitute doing business in such town without license, in violation of ordinance, since sale was only completed at place of delivery.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

W. E. Edgil was convicted of violating an ordinance of the city of Carbon Hill, and he appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

J. D. Acuff, of Jasper, for appellant.

Appellant did not deal in the commodity charged in Carbon Hill. Saunders v. Russell, 10 Lea (78 Tenn.) 297; Com. v. Hess, 148 Pa. 98, 23 A. 977, 17 L. R. A. 176, 33 Am. St. Rep. 810. The municipality was without authority to levy and collect this tax, or punish for failure of payment. Code 1923, § 2173. Sales made in Jasper, and delivered in Carbon Hill, would not support a conviction. City of Birmingham v. Brown, 13 Ala. App. 654, 69 So. 263.

Curtis, Pennington & Pou, of Jasper, for appellee.

In absence of an assignment of error, the appeal will be dismissed. Martin v. Birmingham, 19 Ala. App. 70, 94 So. 789; Hellner v. Montgomery, 16 Ala. App. 366, 77 So. 978; Dreyfus v. Montgomery, 4 Ala. App. 270, 58 So. 730; Camden v. Bloch, 65 Ala. 236. Errors not sufficiently insisted upon are waived. 2 Mayfield's Dig. 137; Smith v. McLain, 202 Ala. 32, 79 So. 370; Sloss Co. v. Jones, 207 Ala. 10, 91 So. 808; Hamilton v. Cranford, 201 Ala. 409, 78 So. 401. Filing of supplemental brief will not revive error already waived. L. & N. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001. There is a presumption in favor of the judgment of the court sitting without a jury. Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Halle v. Brooks, 209 Ala. 486, 96 So. 341. Defendant, though an agent, was

the individual violating the ordinance, and may be prosecuted therefor. N., C. & St. L. R. Co. v. Attalla, 118 Ala. 363, 24 So. 450; Williams v. Talladega, 164 Ala. 650, 51 So. 330. The fact that defendant did not have a place of business in the town does not prevent his doing business therein and being subject to license. Ridgeway v. Bessemer, 9 Ala. App. 470, 64 So. 189. A municipality may impose a license fee upon nonresidents, who engage in an occupation within its limits. 19 R. C. L. 962; N., C. & St. L. R. Co. v. Ala. City, 134 Ala. 414, 32 So. 731; Opdyke v. Anniston, 16 Ala. App. 436, 78 So. 634.

THOMAS, J. [1] It is true that, in the absence of an assignment of error on appeal from judgment of conviction for violation of a municipal ordinance, the appeal will be affirmed. The appeal is in a quasi criminal case. Camden v. Bloch, 65 Ala. 236; Martin v. City of Birmingham, 19 Ala. App. 70, 94 So. 789; Hellner v. City of Montgomery, 16 Ala. App. 366, 77 So. 978; Dreyfus v. City of Montgomery, 4 Ala. App. 270, 58 So. 730; Perry v. State, 1 Ala. App. 253, 55 So. 1035.

The record has the indorsement, after the certificate of appeal by the clerk, that:

"The court erred in finding the appellant guilty and rendering judgment against him in this cause under the law and facts in this case."

This statement of the error assigned in rendition of the judgment is signed by counsel for appellant.

[2, 3] The rule is that, where appellant does not sufficiently insist upon specific error assigned, the same is treated as waived. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158; Hamilton v. Cranford Co., 201 Ala. 403, 409, 78 So. 401; W. T. Smith Lbr. Co. v. McLain, 202 Ala. 32, 79 So. 370; Sloss-Sheffield S. & I. Co. v. Jones, 207 Ala. 7, 91 So. 808. And if assignments are subsequent to the submission of the cause, or are only urged in a supplemental brief, they do not operate as a proper assignment and argument thereof. Hamilton v. Cranford Co., supra; W. T. Smith Lbr. Co. v. McLain, supra; and authorities cited in support of the first headnote.

[4] Treating the assignment of error as sufficient to challenge the rendition of judgment of guilt for violation of the ordinance of the city of Carbon Hill, providing "that every person, firm, corporation or association engaged in any business, vocation, occupation, calling or profession hereinafter enumerated, or who shall exercise any privilege hereinafter described for which a license or privilege tax is required, shall first secure a license and shall pay for same or shall pay for the exercise of such privilege the amount hereinafter provided, to wit," did the evidence warrant the conviction? The evidence showed that:

"W. S. Crews, during all the year 1925 up to the time of this trial, was doing a jobbing business in the city of Jasper, in Walker county, Ala., in gas and oils, under the trade-name of Woco Pep Company. He paid a license to do such business in Jasper, Ala., for said year, but did not have a license to do business in Carbon Hill, Ala., for said year. He sold to customers in the nearby towns when he received an order for the products he was handling. When he received such order he sent and delivered by truck the exact amount ordered. He never sent the truck to a customer except to fill such orders previously made.

"The defendant, W. E. Edgil, was a man employed by said Crews, who was paid a weekly wage for doing such work about the business as he was ordered to do. The defendant had no interest in the business, except as an employee. The defendant Edgil drove the truck for Crews from his place of business in Jasper, Ala., and delivered orders more than one time to a customer in Carbon Hill within 60 days before this prosecution was commenced. The orders were first received at the office in Jasper and approved before he made such delivery. Defendant took with him, from the office at Jasper, Ala., an invoice for the goods taken, and sometimes made collections in money, but most of the time in checks payable to the office in Jasper. The matter was carried on in this way all the time from January 1, 1925, up to the time the suit was filed in this cause. A few times Edgil, the defendant, asked the customer at Carbon Hill, Ala., when he would want more gas and oil and how much, and in this way took orders for future delivery of a definite amount at a fixed date, which orders were filled by delivery of the petroleum products in Carbon Hill.

"The defendant, Edgil, had no license from Carbon Hill or Jasper. Deliveries were made to only one man in Carbon Hill, Lawrence Sly. He had a place of business inside of the incorporated district of Carbon Hill, where he resold the products delivered.

"That W. S. Crews testified that Edgil had no authority to take orders or make sales."

[5, 6] The license tax paid the city of Jasper was not authority for doing business wholly without its corporate limits. Code 1923, § 2173; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214. And, though the ordinance be strictly construed against the city (Anderson v. City of Birmingham, 205 Ala. 604, 88 So. 900; McDonnell v. Murnan Ship. Corp., 210 Ala. 611, 98 So. 887), as to sales made in Jasper and delivered in Carbon Hill, this would not answer for the fact that it is recited that Edgil a few times asked the customer at Carbon Hill when he would want more gas and oil and how much, and in this way took orders for future delivery of definite amounts at fixed dates, which orders were filled by delivery of the products in question in Carbon Hill (Ridgeway v. Bessemer, 9 Ala. App. 470, 64 So. 189; Miller v. Mayor, 151 Ala. 469, 44 So. 388, 125 Am. St. Rep. 31; N. C. & St. L. v. Alabama City, 134 Ala. 414, 32 So. 731; An-

niston Elec. Co. v. State, 12 Ala. App. 624, 67 So. 843). In this case defendant was the agent of his principal in violating the ordinance, and may be prosecuted therefor. Williams v. Talladega, 164 Ala. 633, 51 So. 330; N. C. & St. L. v. Attalla, 118 Ala. 363, 24 So. 450. The dealer was at his place of business in Jasper; his agent, physical equipment, and customer were in Carbon Hill. The ordinance will not operate against a wholesale dealer shipping his products or merchandise into a town by common carriers. In such case the delivery to the carrier is in legal effect delivery to the purchaser. Shepherd v. Butcher Tool & Hardware Co., 198 Ala. 275, 73 So. 498; Gwin v. Hopkinsville Mills, 190 Ala. 346, 67 So. 382.

Moreover, the case was before the court without a jury. and the testimony given ore tenus.

Affirmed.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.

### On Rehearing.

THOMAS, J. [7] There is presented no question of a common carrier as the agent of one of the parties to the contract of sale. The evidence shows the seller used his own equipment and agent to deliver the articles sold per contract within the other municipality. The sale was only completed at the place of delivery, Carbon Hill, and constituted the doing of business within that municipality.

Application overruled.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.