(121 So. 64)

**WOCO PEP CO. OF MONTGOMERY v. CITY OF MONTGOMERY.  (3 Div. 804.)**

Supreme Court of Alabama.  March 21, 1929.

London, Yancey & Brower, of Birmingham, for appellant.

Goodwyn & Goodwyn and Sternfeld & Lobman, all of Montgomery, and Reese & Reese, of Selma, for appellee.

BOULDIN, J. The suit is to recover or require a refund from the city of Montgomery of certain funds paid under protest and under color of a city ordinance, levying an excise tax of one cent per gallon upon sales of motor fuels within the corporate limits and within the police jurisdiction of the city.

This is the second appeal. For former decision, see Woco Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 105 So. 214.

The cause, as then considered, stood as No. 5095 on the docket of the trial court. After reversal plaintiff instituted two further suits, Nos. 6180 and 6189, each claiming sums of the same class paid in after the commencement of the former suit or suits.

By agreement, the cases were consolidated and tried as one. A separate judgment for defendant was entered in each case. The appeal is on one record presenting the several judgments as a consolidated cause, and will be so considered.

In the former decision the ordinance of December 29, 1923, was held valid. Its substance is set out in 213 Ala. on page 456, of the opinion (105 So. 217).

On the facts that decision further held judgment was properly rendered for the city for the sums sued for, except as to one item which was not covered by the ordinance.

The claims covered by later suits are clearly governed by the same principles as the first. The former decision dealt fully with general principles relating to privilege taxes. We need not repeat them here.

In its application of these principles to the facts of the present case, so far as they appear, we see no occasion to depart from that decision. It is approved and followed.

This disposes of most, if not all, the questions now raised.

It is contended that, under the facts as disclosed by the evidence on the second trial, the plaintiff was not, as to the motor fuels here involved, a "seller or distributor" of motor fuels in the city of Montgomery at wholesale, and that the gallonage tax could not be collected for retail sales under the terms of the ordinance.

Woco Pep Company of Montgomery, plaintiff, is a local corporation. Its product, Woco Pep, a motor fuel, is a blend of gasoline and benzol. These ingredients are shipped into Montgomery and mixed at its local plant. Woco Pep is then delivered in wholesale lots to the company's filling stations, where it is sold to customers at retail, as at other filling stations.

Without dispute only one gallonage tax of one cent per gallon was collected by the city on Woco Pep from the time it was manufactured until it reached the customer. Competing companies pay the same. They usually sell to filling stations owned or operated by others.

Some evidence was to the effect that plaintiff company sold Woco Pep to Gardner & Fitzpatrick, a partnership, operating the company's filling station at the corner of Monroe and McDonough streets; other evidence, to the effect that Gardner & Fitzpatrick was merely a trade-name used for the purpose of bookkeeping and checking the different places of business. Whether one or the other is true, we deem of no importance.

When the Woco Pep was distributed in wholesale lots at filling stations, it was incorporated into the retail stock in trade. This brought plaintiff within the inclusive designation of "seller or distributor," whether the retail sales were thereafter made by the company or by a separate purchaser.

Otherwise, the ordinance would fail as a clear discrimination against competitors, in that plaintiff, by conducting its own filling stations, would escape the gallonage tax altogether.

Plaintiff was much more than a mere transporter or "deliverer" of motor fuels as referred to in the former decision in course of criticism of a later ordinance.

That plaintiff had paid a license tax upon filling stations, as other dealers, under the general license schedule of the city, did not prevent the levy of an additional gallonage tax. It would make no difference if both were to be paid by the retail dealer. Privilege taxes are often laid in part on a flat rate for maintaining a place of business, and a further tax based upon the volume of business measured either by the unit of quantity or a percentage on receipts from sales. These are methods of equalization to be aimed at in all such taxation.

The test is whether there is a reasonable basis of classification, discrimination between members of the class, or confiscatory and oppressive levies taken as a whole.

None of these objections obtains here. See Woco Pep Co. of Montgomery v. City of Montgomery, supra.

Appellant conceives that a privilege tax is prohibitory and invalid if it cannot be "absorbed by the dealer" without an increase in the retail price, thus passing it on to the consumer.

Counsel cite no authority for such view, save a statement in the former decision. In discussing the subject of a confiscatory tax, it was referred to as one which "may not be

lawfully 'absorbed by the dealer' in the reasonable conduct of his business."

As a broad statement we see no reason to question this as the law. True, the usual idea of "absorbed by the dealer," is taken care of out of his profits, and not added to the selling price.

But such is not the meaning of the former decision. "Lawfully absorbed" indicates a reference to a different situation. If the law fixes the selling price, as in the case of public utilities, so that the tax cannot be taken care of within the rates fixed by law, such situation might arise.

We do not undertake to define or illustrate all classes of cases wherein such tax may be unlawful because oppressive and confiscatory. If a lawful business cannot live under a tax levied wholly for revenue and not for police purposes, the tax may be regarded as oppressive. It may be grossly unfair and discriminatory short of this.

. But the law fixes no retail price on motor fuels. In this case it is clearly shown that plaintiff, like other dealers, added the tax to the retail price, having a lawful right so to do, and has conducted throughout a successful and profitable business.

■ We would give emphasis once for all to the principle that whether the tax must be passed on to the consumer or not is not a controlling nor a material inquiry in such cases. Legislative policy should keep in mind such results, but they are not of concern in passing upon the validity of the law. Such inquiry would bring all privilege taxes under review for causes involving complexities not to be considered. It may be said to be common knowledge that tax burdens of all kinds are figured by every business in connection with or as part of its overhead expense, and prices fixed to yield a net profit. The consumer pays the tax.

We find no evidence in the present record touching the payment of $186.03 for gas sold without the police jurisdiction of the city, as mentioned in 213 Ala. on page 460 of the former opinion (105 So. 214).

■ The item appears in the claim filed, a copy of which is in evidence; this to comply with conditions required by law before suit brought. The claim is not evidence of payment in fact.

We do not, therefore, find error in the court's failure to give judgment for this special item; nor to decide whether it was lawfully collected under the authority of Standard Oil Co. v. City of Selma, 216 Ala. 108, 112 So. 533.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.