(135 So. 634)

## TOWN OF GUNTERSVILLE v. WRIGHT.
### 8 Div. 316.

Supreme Court of Alabama.
June 27, 1931.

350

Claud D. Scruggs, of Guntersville, for appellant.

J. A. Lusk, of Guntersville, for appellee.

GARDNER, J.

Appellee was engaged for and on behalf of the Boaz Woco-Pep Company in delivering gasoline and oil by trucks, on which were gasoline tanks filled with gasoline, to certain operators of gasoline filling stations doing business in the town of Guntersville, and was prosecuted for a failure to pay a license fee of $100 as required by Ordinance No. 144 of said town. The Boaz Woco-Pep Company was located and had its place of business at Boaz, Ala., some fifteen miles distant from Guntersville; the orders for said gasoline from the dealers in Guntersville being given by telephone, letter, or verbally. Said Ordinance 144 was specifically designed for the requirement of a license fee of one engaged in business of such character as above noted; that is, for the sale and delivery of gasoline within the corporate limits of Guntersville, on orders previously taken for the delivery of such gasoline from another point in the state to a point within said town.

Upon a consideration of the cause in the circuit court, the said ordinance was held void, and the town of Guntersville prosecutes this appeal under the provisions of section 1943, Code of 1923.

The trial court was of the opinion the ordinance was not effective, because it was never published in a newspaper, but was only posted in three public places within the limits of said town, one of which was at the post office. Section 1999, Code of 1923. The date of the ordinance is in April, 1929, and the last preceding federal census disclosed the town of Guntersville to have a population of less than

three thousand. We think, therefore, the holding of the court, that publication in a newspaper was required, overlooks the exception contained in the concluding sentence of said section 1999, as follows: "In cities or towns having a population of less than three thousand inhabitants as shown by the last or any subsequent federal census, publication may be either by posting as herein provided in case of no newspaper being published in the town, or by publication in a newspaper, at the option of the governing body of such city or town." The certificate of the town clerk shows the publication by posting in accordance with the designation of the minutes of the council. The method of publication, therefore, was optional with the governing body of the town, and the use of the newspaper for such purpose was not essential.

We gather from brief of counsel that the further reason upon which the trial court rested the conclusion that the ordinance was void was that it required a license fee of one who did not reside or have his place of business within the corporate limits or the police jurisdiction of said town. But, as has been pointed out in previous decisions, the tax is not a property tax, but a license tax on the occupation, and it is therefore immaterial that the property or place of business is without the corporate limits.

The question is discussed in Kentz v. City of Mobile, 120 Ala. 623, 24 So. 952, 954, where a brick manufacturer lived beyond the corporate limits of the city and there manufactured his brick which he delivered to customers in the city, making no extra charge for hauling the brick. He was held liable for the wagon tax fixed by the city ordinance, the court saying: "The city being required to keep its streets in repair, it is but reasonable and just that those who use them with their vehicles, in carrying on a business in the city, whether they reside in its corporate limits or not, shall contribute to their repair by submitting to a reasonable sum for a license." The opinion cites with approval the Tennessee case of City of Memphis v. Battaile & Co., 8 Heisk. 524, 24 Am. Rep. 285, where the court held, speaking to a similar situation: "The fact that the defendants resided and had their iron works outside of the city made no difference; they exercised the privilege of selling their goods in the city, and in so doing used its streets, and were properly assessable with a privilege or business tax." The Kentz Case, supra, together with that of Nashville, C. & St. L. Ry. Co. v. Ala. City, 134 Ala. 414, 32 So. 731, is cited in the more recent case of Williams v. City of Albany, 216 Ala. 408, 113 So. 257, and the principle thereof recognized in Mayor, etc., v. Goldstein, 151 Ala. 473, 44 So. 113; Standard Chem. Co. v. City of Troy, 201 Ala. 89, 77 So. 383, L. R. A. 1918C, 522, and applied in Ridgeway v. City of Bessemer, 9

Ala. App. 470, 64 So. 189. The case of Edgil v. Carbon Hill, 214 Ala. 532, 108 So. 355, is here much in point and to a like result. As having an indirect bearing upon the question may be noted, also, Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214; Woco-Pep Co. v. Town of Wetumpka, 221 Ala. 565, 130 So. 72; Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523; Mitchell v. City of Birmingham (Ala. Sup.) 133 So. 13;[1] Woco Pep Co. v. City of Montgomery, 219 Ala. 73, 121 So. 64; Exchange Drug Co. v. State Tax Comm., 218 Ala. 115, 117 So. 673; City of Mobile v. La Clede Hotel Co., 221 Ala. 531, 129 So. 477; Hale v. State, 217 Ala. 403, 116 So. 369, 58 A. L. R. 1333.

Section 2154, Code 1923, contains ample authority for such an ordinance. Section 2152, Code of 1923, has reference to business conducted within the police jurisdiction of a city or town, and section 2173 inhibits the assessment or collection of any privilege or license fee for the operation of a business "wholly outside the corporate limits of such municipality." These sections are here inapplicable, as the license here imposed is on business conducted within the municipality by those located beyond its limits or its police jurisdiction. The actual delivery and distribution of the gasoline is a most material part of the business conducted, and this is done within the municipality. The case of Standard Oil Co. v. City of Selma, 216 Ala. 108, 112 So. 532, deals fully with this phase of the question, which needs no further consideration.

We are of the opinion the town of Guntersville was within its legal rights in the imposition of this license tax or fee. We recognize the rule of the decisions that city ordinances may be condemned as arbitrary, unreasonable, or discriminatory, and lacking in uniformity of burden upon those in the same class. Standard Chem. Co. v. City of Troy, supra; City of Mobile v. La Clede Hotel Co., supra; Exchange Drug Co. v. State Tax Comm., supra; Standard Oil Co. v. City of Selma, supra; Woco Pep Co. v. City of Montgomery, 219 Ala. 73, 121 So. 64; Woco Pep Co. v. City of Montgomery, 213 Ala. 452, 105 So. 214.

But looking to the agreed statement of facts, it appears that, under Ordinance 137 of the town of Guntersville, a like tax is fixed upon those dealers whose place of business is located within the corporate limits, and the exemption feature of section 3 of the ordinance is the same in each.

As we read and understand these ordinances, the purpose was to place on the same basis those doing business in Guntersville, though located without, with those so engaged who are located within the town.

[1] 222 Ala. 389.

Defendant is prosecuted for failure to pay the license tax of $100, and not the additional gallonage tax, which is calculated upon a monthly basis of sales. The license tax of $100 was clearly due and payable, and the prosecution therefor not premature.

.· We therefore conclude that the court erred in holding the ordinance invalid.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

