157 So. 268

### SINCLAIR REFINING CO. v. CITY OF FLORALA.
### 4 Div. 56.

Court of Appeals of Alabama.
Oct. 30, 1934.

A. R. Powell, of Andalusia, for appellant.

Frank J. Mizell, Jr., of Florala, for appellee.

BRICKEN, Presiding Judge.

The city of Florala, a municipal corporation, adopted a license ordinance for the year 1932, according to the stipulation and agreement of appellant and appellee on file in this cause, under which (subdivision 113, subsection O) a license tax of $100 was levied against oil manufacturers, or wholesale dealers in gas, oil, etc., and which ordinance provided a penalty of 10 per cent. of the amount of the license tax to be added to the amount of the license if said license tax was not paid before March 1, 1932. Under said license ordinance a similar license tax of $10 was levied against retail dealers in gas, oil, etc.

The Sinclair Refining Company was and is a foreign corporation, authorized to do business in Alabama, and during the year 1932 was engaged in the business of manufacturing, distributing or dealing in gas, oil, etc., in Alabama, and maintained a "bulk plant" at Opp, Ala., and had in its employ one C. B. Williams, who was the delivering agent of the Sinclair Refining Company, and who made deliveries of gas, oil, etc., by truck from the bulk plant at Opp to a retail station at Florala, known as the Whiddon Station.

■ That the city of Florala had the legal right to adopt a municipal license ordinance levying a municipal license against oil manufacturers, distributors, and wholesale dealers carrying on the business of selling or delivering at wholesale gas, oil, etc., in the city of Florala cannot seriously be questioned. Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634.

■ The appellant leased from B. M. Whiddon certain described property in the city of Florala known as B. E. Whiddon's store and service station for a term of one year from the 14th day of October, 1931, with the option to extend the lease for a period of two years, and with the further condition that said lease should continue in full force and effect until terminated by thirty days' notice in writing to be given by either party to said lease. The rental agreed to, and which should be paid under the provisions of said lease, was a sum equal to one cent per gallon on all gasoline which the appellant should deliver to said station during the month for which said rental was computed. The appellant, it being the lessee, agreed to pay all license fees, occupation taxes, and privilege taxes imposed upon the sale of petroleum products on said leased premises. The appellant had the right to erect, equip, maintain, and operate all appliances, improvements, containers, and conveyors it might use or might require in operating, transacting, carrying on, and conducting on said premises its business of storing, distributing, and marketing products of refined petroleum. This lease agreement was made on the 14th day of October, 1931.

On the same day, October 14, 1931, the Sinclair Company, appellant, entered into an operating contract with B. E. Whiddon under which said Whiddon agreed to act as the

retail agent for said company for the sale at retail of products furnished by the company, and for the operation of the service station which it had leased from the said Whiddon. The company agreed to stock the service station with a supply of its products of the quantity, kind, and variety which the judgment of the company might determine. The agent was to sell, for cash, at the prices established by the company, these products, and was to receive for his services certain commission according to the schedule set out in the contract.

On April 9, 1932, a second operating contract was entered into between the Sinclair Company and the said B. E. Whiddon similar in all respects to the first contract except as to the commission to be paid to the agent. Under these contracts, either party had the right to terminate the same at any time with or without cause.

B. E. Whiddon testified that the appellant delivered gas and oil to the station during the year 1932, and that he saw the truck of the company traveling over the streets of the city of Florala. On cross-examination Mr. Whiddon testified that he did not operate the station himself, but that it was operated by one Price. He further testified that the Sinclair Company had the station rented from him, and that Mr. Price operated it, and that Price was not working for him; that Mr. Price received for his services a percentage on the gas sold by him. This witness further testified: "Mr. Price was operating it. He was working for the Sinclair Refining Company, I had nothing to do with it. I understood that he was running it for the Sinclair Refining Company and * * * that he was running it * * * it belonged to the Sinclair people for the stipulated time, and he was running it for them. Price commenced to operate there immediately after I made this contract." The witness further testified that the entire time the Sinclair people operated the station it was operated as a retail station, and that they were selling gas by retail out of the pump, that there was a tank at the station and that the Sinclair people were making deliveries to that tank, and that gas was being retailed out of the station by Mr. Price. This testimony is referred to for the purpose of calling attention to the fact that Mr. Whiddon did not act as agent for the company at this station in Florala, but that said station was operated by Mr. Price. The witness further testified that it was his recollection that a license for the year 1932 for the operation of said station was issued to the Sinclair Oil Company direct.

W. L. Price testified that he operated the station at Florala known as the Whiddon Station, in 1930–31, and 1932, and that he operated the station by buying gas from the Sinclair Refining Company, paying them for it, and selling it at retail, and that the Sinclair Company paid the license for 1931 and 1932, and that this was a retail license. The witness testified further that the gas was sold to him and that he paid for it, that it was up to him to sell it, and that there was no stipulated amount agreed upon for him to sell gas for, that a cent a gallon was added to the purchase price of the gas for the rent of the station, and that this money was paid by the witness to the company, and that the company paid Mr. Whiddon the rental. If the testimony of this witness is true, and we find nothing in the record to contradict it, the Whiddon gasoline station at Florala was operated by Mr. Price, who bought the gas from the Sinclair Refining Company and paid them therefor the wholesale price charged by them, plus one cent per gallon for the rent of the station, and that he sold this gas at retail as his own property. According to this testimony, the Sinclair Company was engaged in the business of selling at wholesale gasoline to W. L. Price at the Whiddon Station in Florala, Ala. The city had levied a wholesale license tax of $100, with the penalty to be added if the tax was not paid prior to March 1, 1932. According to the undisputed testimony, the Sinclair Company was liable for the wholesale dealers license tax of $100, plus 10 per cent. penalty as claimed in count 3 of the complaint. The trial court, in view of the evidence and all its tendencies, correctly gave the affirmative charge requested by the plaintiff in writing. We do not find any error in the record of which appellant can justly complain. The judgment of the lower court will stand affirmed.

Affirmed.