189 So. 743

## CITY OF DECATUR v. POOLE.

### 8 Div. 961.

Supreme Court of Alabama.

June 1, 1939.

Rehearing Denied June 22, 1939.

---

[1] 237 Ala. 347.

Wert & Hutson and S. A. Lynne, all of Decatur, for appellee.

Peach & Caddell, of Decatur, for appellant.

FOSTER, Justice.

This is an appeal from a judgment of the circuit court granting a motion for a new trial in a suit at law on which the court had acted, and rendered a judgment without a jury on an agreed statement of facts. This appeal is pursuant to section 6088, Code. O'Neal v. Turner, 230 Ala. 24, 158 So. 801; Mills Lumber Co. v. Hull, 222 Ala. 229, 131 So. 902.

The suit was for the recovery of a license tax on gasoline provided for in an ordinance of the city. The complaint alleged that defendant was engaged in selling or delivering gasoline within the corporate limits of the city and after the adoption of an ordinance prescribing such a license. The only amount for which recovery was sought was that computed on gasoline which defendant placed in the possession of the purchasers in the city with an agreement with him that defendant was to make delivery outside of and beyond the city limits and its police jurisdiction, and that the purchaser was himself to transport the gasoline from within the city where it was put in his possession, to such point outside, for which he was to have one and one-half cents per gallon from defendant. The theory of defendant being that by such transactions he did not sell or deliver gasoline within said corporate limits as alleged in the complaint.

The finding of facts by the trial court on the motion for a new trial states the circumstances on which he acted in that connection, and the nature of the judgment as rendered and which was set aside. It is as follows:

"At the June term, 1938, of the Circuit Court of Morgan County, Alabama, this case, by written agreement of the parties, was submitted upon an agreed statement of facts, without the intervention of a jury, and at said time the court took said agreed statement of facts under advisement and thereafter, to-wit: 16th day of July, 1938, the court rendered a judgment finding the issues in favor of the plaintiff, assessing the plaintiff's damages at two thousand thirty-six and 52/100 ($2036.52) dollars; and in a day or so after the rendition of said judgment and the return of the file to the clerk at Decatur, Mr. Peach, one of the attorneys for the plaintiff, called over long distance telephone and made known to the court that the amount of the judgment rendered was erroneous and that the plaintiff was entitled to recover four thousand two hundred fifty-nine and 98/100 (4259.98) dollars, and at said time the court requested Mr. Peach to notify Mr. S. A. Lynne, one of the attorneys for the defendant, of such error in the amount, and after waiting remainder of that week and having failed to hear from Mr. Lynne, the court corrected its former judgment by rendering a judgment in the sum, as aforesaid, of four thousand two hundred fifty-nine and 98/100 ($4259.98) dollars, thinking that this amount of the judgment was agreeable and satisfactory to the defendant.

"At the June term of the Circuit Court of Morgan County, the plaintiff amended its complaint, the amendment relating only to the number of gallons sold and the amount of tax due on the gallons sold in said city, but upon the hearing of the defendant's motion for a new trial, Mr. Lynne, one of the attorneys for the defendant, under oath stated that one of the attorneys, Mr. Caddell, for the plaintiff, served him with a copy of the amendment to the complaint and that said amended complaint was suing for the sum of two thousand thirty-six and 52/100, and Mr. Caddell stated, under oath, at said hearing, that copy of said amendment which was served upon Mr. Lynne, as he recalled, claimed the sum of four thousand two hundred fifty-nine and 98/100 ($4259.98) dollars, and that the amount so claimed by said amendment was based upon the answers to interrogatories propounded under the statute by the plaintiff to the defendant, and that the amount arrived at was based solely on the answers to said interrogatories, and Mr. Lynne's statement under oath to the court was that the answers to interrogatories disclosed a glaring discrepancy as to the amount sold and amount due for taxes on said sale, so, the court is of the opinion, for the misunderstanding and confusion developing in this matter,

justice will require that the motion of the defendant for a new trial be granted."

Upon the basis of that finding the motion was granted, and a new trial ordered.

■ Section 6088, Code, provides that there shall be no presumption in favor of the correctness of such a judgment when an appeal is taken. But that does not apply to the findings of fact by the court on conflicting evidence given in open court before the judge trying the cause. Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912. But it does apply to a legal conclusion as a result of such finding. O'Neal v. Turner, supra.

■ We see no reason to set aside the finding of the judge as to the facts on the evidence given, all orally before him, on this motion. We think that the court should not be put in error for granting a new trial on account of the confusion and misunderstanding between counsel and the uncertainty made to appear as to the exact amount of the gasoline which is subject to the computation by which there is to be fixed the amount of the tax now sought to be recovered. No injury can result to plaintiff if a judgment is finally rendered for the correct amount.

Counsel for both parties invite our consideration of the chief question involved on the merits of the right of the city to have the license tax computed on the amount of gasoline sold, as we have above stated. This is important for another trial and incidentally involved in the ruling on the motion.

■ We are specific to observe that the question is limited by the complaint, not now to say also by the ordinance, to a sale or delivery of gasoline within the corporate limits of the city. The city authorities are not confined by law in prescribing a business license charge to a transaction completed within its limits. All the incidents of a sale or delivery need not occur there to make it a taxable event. We have held that it may be taxable by a city as an incident of a sale, where the contract was made in another city from which it was started on its journey for delivery in the city imposing the tax. Delivery in the city is a material part of the business so conducted. Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634; see, section 2173, Code.

In the case of Standard Oil Co. v. Selma, 216 Ala. 108, 112 So. 532, 534, this Court was dealing with a license on dealers of gasoline in Selma, but who delivered it within the police jurisdiction of the city. The Court observed, "Very clearly the appellant corporation, with its business office and gasoline stocks located, stored and operated within the city, was subject to a license tax regardless of the territory to which it shipped such stocks, either on account of sales made from its city office, or for sale or storage at other. localities. This license might, with legal propriety, have been measured and determined by the number of gallons of gasoline handled by appellant at its Selma storage plant or through its Selma office." See, City of Sedalia v. Standard Oil Co., 8 Cir., 66 F. 2d 757, 95 A.L.R. 1514, note on page 1524.

But taking the allegations of the complaint literally, we do not think a different case is presented. It sues for the license on account of "sales" or "deliveries" within the corporate limits. The ordinance makes the basis of the computation the selling or delivering in the corporate limits, or hauling or transporting it from within the corporate limits or its police jurisdiction to a place within or without the corporate limits. We think it is unsubstantial to say that though the article sold was placed in the hands of the purchaser, it was not delivered to him so as to make a completed sale because the seller agreed to pay him to transport it to some place outside the city and its police jurisdiction, where the purchaser wished to have it located.

■ "No particular act or formal ceremony is necessary to make a delivery: any act done with the intent to transfer possession and dominion is sufficient." 55 Corpus Juris 360, section 350. "Actual delivery consists in giving to the buyer or his servants or accredited agent the real possession of the thing sold." 55 Corpus Juris 361, section 351.

In its legal aspects there is no distinction in principle between this situation and that described and analyzed in Superior Oil Co. v. Mississippi ex rel. Knox, Atty. Gen., 280 U.S. 390, 50 S.Ct. 169, 74 L.Ed. 504. The seller there sold gasoline to packers and placed it in their possession in Mississippi to be sent out by the packers into Louisiana waters for use by shrimp fishermen. But the sellers received from the packers an instrument showing that it was consigned to the packers in Louisiana waters, and that it remained the property of the sellers

until delivered at the point of destination. State of Mississippi ex rel. Knox, Atty. Gen. v. Superior Oil Co., 156 Miss. 377, 119 So. 360. The court held that it was a Mississippi transaction and taxable as such, affirming the Supreme Court of Mississippi. It was observed: "The goods were delivered to the so-called consignee before they started [that is, in so-called interstate commerce], and were in his hands throughout." [280 U.S. 390, 50 S.Ct. 170] It is "not within the power of the parties by the form of their contract to convert what was exclusively a local business, subject to state control, into an interstate commerce business, protected by the commerce clause." It was said, however, to be near the line. But certainly the case we are now considering is no nearer. It was also pointed out that you may go as close to the line as you wish if you do not pass it, meaning the line between intra and interstate commerce.

We think that the transactions between defendant and its purchasers, such as we have described, are taxable as sales or deliveries of gasoline in the corporate limits of the plaintiff city.

But the judge of the trial court was not satisfied that the amount of his judgment is correct, and that by reason of the uncertainty and confusion the judgment ought to be set aside so that it may reflect the correct amount. In this conclusion we concur, and the judgment is affirmed for that reason.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.