198 So. 452

### RUSSELL v. CITY OF SELMA.

2 Div. 681.

Court of Appeals of Alabama.

April 30, 1940.

Rehearing Denied Nov. 6, 1940.

554

Ball & Ball, of Montgomery, for appellant.

Winston E. Brown, of Selma, for appellee.

BRICKEN, Presiding Judge.

Upon submission of this cause in this court, it was assigned to our associate, Judge RICE, who prepared, and presented for approval, in conference of the court, an opinion expressing his views upon the points of decision involved. The majority of the court not concurring, the following opinion is handed down as the opinion and decision in this cause. RICE, Judge, adhering to the opinion prepared by him, supra, dissents, and employs the opinion prepared by him, above mentioned, to express his dissenting views upon this appeal.

Appellant was convicted in the circuit court for violating the general license tax ordinance of the City of Selma, and from the judgment of conviction this appeal was taken.

The caption of the license tax ordinance involved is as follows: "To prescribe and fix licenses for businesses, occupations, professions, trades and exhibitions in the City of Selma, Alabama."

Said ordinance contains the following provisions, among others, viz.: "Section 1. Each person, firm or corporation engaged in any business, trade, occupation, profession or exhibition, or keeping or carrying on any establishment, or doing any act in this ordinance specified in the City of Selma shall pay to the City of Selma a license therefor as follows:

"9A. Agents for foreign concerns doing business in the City without regard to interstate business, when not otherwise licensed, each—$35.00.

"Section 9. It shall be unlawful for any person, firm or corporation to engage in any of the aforesaid businesses, vocations, occupations, callings or professions in the City of Selma, without first having procured a license therefor, and any violation of any of the provisions in this ordinance shall be punished by a fine of not less than one dollar and not more than one hundred dollars, or by hard labor for the City for not more than 180 days."

The affidavit upon which the prosecution was first commenced and upon which the warrant of arrest was issued charges in short, that within the limits of the City of Selma, or within the police jurisdiction thereof, within 12 months just next preceding and in the county of Dallas and State of Alabama, "the offense of *Doing Business* without a license in violation of City Ordinance has been committed, and that Fred Russell, Agent Tennille Furniture Co., is guilty of the offense."

The complaint upon which Fred Russell was tried in the court below charged that said Fred Russell, Agent for Tennille Furniture Company, within the corporate limits of the City of Selma, in violation of Section 339 of the City Code of the City of Selma, Alabama (which said City Code Section is set out in the complaint), *committed the offense of doing business without a license.*

The complaint appears in the report of the case.

The case was tried in the court below before the presiding judge, sitting without a jury, upon said complaint, defendant's plea of not guilty, and an agreed statement of facts.

The agreed statement of facts is set out in the report of the case, with the exception of "Exhibit A", which is sufficiently referred to and quoted hereinabove.

Upon the trial of this case the burden was on the City of Selma to prove beyond a reasonable doubt that Fred Russell was the agent of Tennille Furniture Company, and that as such agent and within the corporate limits of the City of Selma, or within the police jurisdiction thereof, and within 12 months just next preceding,

committed the offense of *"Doing Business without License"* in violation of the license tax ordinance of said City of Selma, as charged in the complaint. Fuller v. City of Dothan, 26 Ala.App. 91, 153 So. 666.

The agreed statement of facts shows that on *one, and only one,* isolated occasion, a specified day, viz.: December 21, 1938, Fred Russell, a negro, the employed truck driver, a servant or employee merely, of Tennille Furniture Company, drove a State licensed truck into the City of Selma, and there, following the instructions and directions of his employer, at Hooper Motor Company, 1317 Water Avenue, unloaded and deposited, or delivered, from said truck a mahogany bed and set of springs, to S. W. Riggs, a resident of the City of Selma, who had purchased said articles from said Tennille Furniture Company, at its store in the City of Montgomery, Alabama, on December 13, 1938, and which said Furniture Company had agreed with said Riggs to transport by one of its trucks, next going to Selma, without any charge, and there unload and deposit, or deliver the same. This one act upon the part of the said Fred Russell was the basis for the charge that he had *engaged in the business* of acting as the *agent* of Tennille Furniture Company, a foreign concern, in the City of Selma, without first obtaining a city license therefor, or, as stated in the affidavit and complaint, hereinabove referred to, had committed the offense of "Doing Business without license" in said City of Selma, or within the police jurisdiction of said City, in violation of the license tax ordinance of said City of Selma.

The agreed statement of facts does not show, and consequently there was absolutely no evidence showing, or tending to show, that said Fred Russell was ever in the City of Selma, before, or after, December 21, 1938.

The agreed statement of facts does show that the only place of business of said Tennille Furniture Company is its retail furniture store in the City of Montgomery, Alabama, and that said company has no salesmen or soliciting agents outside of the City of Montgomery, and that said Fred Russell "had no authority whatever to make sales, solicit orders, or to bind said Tennille Furniture Company in any capacity as its agent."

The appellant has assigned as error: (1) The rendition of the judgment of conviction from which appellant appeals; (2)

the finding appellant guilty of doing business without a license as charged in the complaint; (3) in adjudging appellant guilty of doing business without a license as charged in the complaint, and (4) in sentencing appellant to perform hard labor for the City of Selma for a term of ten days to pay the fine of five dollars assessed against him and to an additional term of 29 days to pay $14.10 the costs of the prosecution.

█ The question involved is one that requires no extended discussion. The principle involved has long since been construed and declared by this court, and the Supreme Court. Under the decisions of said courts the conviction of the defendant was erroneous. The sole isolated act of defendant shown by the agreed statement of facts was wholly insufficient to justify, prove or sustain the charge of doing business without a license as charged in the complaint.

Appellant, under the undisputed facts in this case, should have been acquitted of the offense charged in the complaint and should have been discharged from custody upon his trial in the court below. The evidence did not show that he was either the agent of Tennille Furniture Company, or that he engaged in the business of acting as such within the terms and provisions of the license tax ordinance of the City of Selma. The trial court erred in adjudging the defendant guilty of the offense charged in the complaint, and erred also in pronouncing the judgment of sentence against him. Fuller v. City of Dothan, supra. Jones v. State, 25 Ala.App. 410, 149 So. 855; Braxton v. City of Selma, 16 Ala.App. 476, 79 So. 150; Weil et al. v. State, 52 Ala. 19; Harris v. State, 50 Ala. 127; Williams v. City of Albany, 216 Ala. 408, 113 So. 257; State v. Collins, 200 Ala. 503, 76 So. 445.

It appearing from the undisputed facts that the appellant was not guilty of the offense charged in the complaint, the judgment of the lower court from which this appeal was taken is reversed, and as the law requires, the judgment is here rendered acquitting and discharging defendant from further custody in this proceeding.

Reversed and rendered.

RICE, Judge (dissenting).

The agreed statement of facts, upon which the trial was had, before the court sitting without a jury, makes clear the

question at issue; and it is set out in full in the report of the case.

Upon the above, appellant was found guilty. And the action of the trial court in so adjudging him is the only matter presented for our consideration.

We think the said action without error.

It is true enough that a municipality "has no right to levy a privilege or license tax on the delivery of a lawful article or commodity in the city or its police jurisdiction, when the sale or contract of sale was not made in the city or its police jurisdiction." Woco Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 452, 105 So. 214, 218.

But it is just as true that "The city authorities are not confined by law in prescribing a business license charge to a transaction *completed within its limits. All* the incidents of a sale or delivery *need not occur there* to make it a taxable event. * * * it may be taxable by a city *as an incident of a sale,* where the contract was made in another city from which it [the article sold] was started on its journey for delivery in the city imposing the tax. Delivery in the city is a material part of the business so conducted." (Italics supplied by us.) City of Decatur v. Poole, 238 Ala. 224, 189 So. 743, 745; Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634; Edgil v. City of Carbon Hill, 214 Ala. 532, 108 So. 355, 356.

This latter is, we think and hold, the situation here. It will be noted that "Tennille *advertises* that it delivers *free* to points within one hundred miles of the City of Montgomery on sales of $50.00 or more." And that "occasionally sales under $50.00 (of which the one here involved is one) are delivered within one hundred miles of the city (to Selma, for instance, in this case) without charge." And of course the purchaser knows this (and knew it in this case) when he makes his purchase.

So that—to refer to the agreed statement of facts, above—when "S. W. Riggs, Selma, Alabama, came into Tennille's store in Montgomery in person and there *selected and* purchased a Mahogany bed * * * and a Simmons spring * * * and paid cash therefor," he didn't merely purchase a "Mahogany bed and Simmons spring;" but he purchased a "Mahogany bed and Simmons Spring" *delivered to him in Selma, Alabama.*

It at once appears that the "delivery," which *had* to be made in Selma, was a part and parcel of the *purchase*—or, as phrased by Mr. Justice Foster in the opinion in the case of City of Decatur v. Poole, supra: "Of the business so conducted."

Here we may say, as the Supreme Court said in its opinion in the case of Edgil v. City of Carbon Hill, supra: "Defendant was the agent of his principal in violating the ordinance, and may be prosecuted therefor."

The above and foregoing was prepared by me as and for the opinion of the court. But my associates take a different view; as indicated by the opinion written by the Presiding Judge.

As our Supreme Court will have to ultimately decide the question at issue, I have concluded to let the above go as my reasons for my dissent from the opinion of the majority. And will not elaborate further.

I do feel disposed to observe that to my mind it is not proper to consider the act of Fred Russell under scrutiny as simply "one isolated act."

There is no escape from the conclusion that he was acting for Tennille Furniture Co. And that that concern *advertized* that "it delivers free within one hundred miles of Montgomery."

It is reasonable to infer that this transaction was but one of many. And it wouldn't be permissible for the Company to "avoid the law" by the simple expedient of sending a different truck driver with each delivery.

Or so it seems to me.

And I dissent.

## On Rehearing.

BRICKEN, Presiding Judge.

On April 30, 1940, this court reversed the judgment of the lower court and rendered a judgment upon the testimony as set out in the agreed statement of facts upon which the cause was tried in the lower court. The said judgment here rendered discharged the defendant (appellant) from further custody in this proceeding.

This court held that the testimony involved one, and only one, isolated act upon the part of the defendant, and that this act was not sufficient to constitute doing business as prescribed by the ordinance of the City of Selma. We futher

held that the defendant was not shown, by the agreed statement of facts, to be an agent of the Tennille Furniture Company, so as to be brought under the provisions of Section 9(a) of the ordinance of said City of Selma, under which the defendant was prosecuted, but that under the testimony, the defendant was a mere servant of the corporation for which he was acting, and without any authority to act as the agent of said corporation.

The appellee, in its application for rehearing, by its attorney, now says that through inadvertence, he omitted to set out in the agreed statement of facts, that the particular transaction out of which the case, in the court below arose, was but one of the many similar transactions, and that it was customary for the principal to make numerous deliveries in the City with its truck, and by its truck delivery, and that it was not desirable on the part, either of appellant or the appellee, to have the case decided on this point. And with reference to this, counsel for appellant say, that it was not the intention of the parties to restrict the issue to a question of one isolated transaction, and that it was their intent that the case should settle definitely the question of whether or not mere delivery by a truck driver who had no authority whatever to do any act, other than the mere actual delivery of articles in one municipality where the same were purchased in another municipality, was doing business in the municipality where delivery was made so as to be subject to an ordinance requiring a license for doing business in the municipality where the delivery is made.

With due respect to eminent counsel, both for the appellant and for the appellee, we feel it proper to say that it was incumbent upon this court to decide the case under the assignments of error contained in the record, and made by appellant, with reference to the testimony in the case, as the same appeared in the agreed statement of facts set out in the bill of exceptions. Said agreed facts showed one, and only one, act of delivery by the defendant. In order for the court below, and for this court to have decided the question as to whether or not under the agreed statement of facts, Fred Russell, the negro truck driver for Tennille Furniture Company was engaged in doing business in the City of Selma as an agent for the said furniture company, whose place of business was in Montgomery, Alabama, then it was necessary for the agreed statement of facts to have shown that said Fred Russell had in fact engaged in the business of acting as such agent in the City of Selma, and one act upon his part was wholly insufficient to sustain the charge as is pointed out in the original opinion.

It is clearly, succinctly and directly stated in the agreed statement of facts, that "the driver was Fred Russell, a negro employe of Tennille, employed simply to drive its truck wherever he was directed by his employer, and to make a delivery of merchandise. The negro driver had no authority whatever to make sales, to solicit orders, or to bind Frank Tennille Furniture Company in any capacity as its agent."

It, therefore, appears that it was stated and agreed to in the statement of facts that Fred Russell was the mere negro employe of Frank Tennille Furniture Company, having no authority whatever to do anything binding upon said company in any capacity as its agent.

The words "employee" and "agent" are used in the agreed statement of facts by trained and skilled lawyers, and if it was agreed to between them that this negro truck driver had no authority whatever to bind the Frank Tennille Furniture Company in any way as its agent, then it appears to this court that the conclusion is irresistible that he could not be convicted under the agreed statement of facts for acting as the agent of said Furniture Company in the City of Selma.

However desirable it may be to definitely settle the question which counsel both for the appellant and for the appellee insist be settled by this court, the rule with us is that that question will be determined when it is properly presented by a record making the decision of that question indispensable. If it is desirable to have the court pass upon the method and manner in which the Tennille Furniture Company conducts its business, in connection with the question under discussion, then let that company itself be directly proceeded against in such manner as to demand a decision with reference to its manner of doing business. Ample methods for this are provided.

Application for rehearing overruled.