55 So.2d 221

## CITY OF GADSDEN v. WYNN.

7 Div. 136.

Court of Appeals of Alabama.
Nov. 20, 1951.

Hawkins & Copeland, Gadsden, for appellant.

Roy D. McCord, Gadsden, for appellee.

PRICE, Judge.

The case was submitted below on the following agreed statement of facts:

"Come now the parties to this suit, by their attorneys of record, and agree that the evidence in this cause shows the following facts, and that this cause be submitted upon said statement of the facts, and that this statement shall be considered by the Court as the evidence in this cause, to-wit:

"That on and prior to the 24th day of June, 1947, the Plaintiff was doing business as Wynn Brothers in Glencoe, Alabama; that Glencoe was and is an incorporated town lying adjacent to the City of Gadsden, both Glencoe and Gadsden being in Etowah County, Alabama;

"That on and prior to said date, R. J. Wynn was operating in Glencoe a saw mill and planing mill, sawing and dressing lumber and offering same for sale;

"That R. J. Wynn took orders over his phone in Glencoe and also took orders at his mill in Glencoe, Alabama, on and prior to said date;

"That some of these orders were phoned in from Gadsden and some customers living in Gadsden came and ordered finished lumber to be delivered to customers living in the City of Gadsden; that none of the orders for finished or planed lumber or dressed lumber were taken by Plaintiff, or any of his agents, in Gadsden, Alabama;

"That after the orders for finished, dressed or planed lumber were so taken at the Plaintiff's mill in Glencoe, the Plaintiff delivered said finished, dressed or planed lumber to his customers in the City of Gadsden, Alabama; that in making said delivery his truck or trucks used the public streets of the City of Gadsden, Alabama, and this was being done by Plaintiff, his agents or servants on and prior to the said 24th day of June, 1947;

"That on and prior to said day, the Defendant had in force and effect an ordinance of said City of Gadsden, which had been regularly passed and adopted, same being as follows:

"Attached hereto is a true copy of Ordinance No. 208 of the City of Gadsden, 1947 license Schedule with Sec. or Paragraph 208 on Page 20 identified and Said Ordinance made a part of this statement.

"That on said date, the Plaintiff paid to the City of Gadsden $100.50 for a license, said payment was paid under protest and said license is hereto attached and marked Plaintiff's Exhibit 1, and made a part of this statement;

"That immediately after the paying of said amount, the Plaintiff filed with the City Clerk of the City of Gadsden, a claim for said $100.50, a copy of said claim is hereto attached marked Plaintiff's Exhibit 2, and made a part of this statement;

"That after said date the claim of said Plaintiff was denied, and

"That thereafter and on the 25th day of August, 1947, this suit was filed to recover from the Defendant the sum of $100.50."

The ordinance is as follows:

"Section 1. License Schedule. The following is hereby declared to be the schedule of licenses for the year commencing January 1, 1947, and ending December 31, 1947, for divers businesses, vocations, occupations and professions engaged in or carried on in the City of Gadsden, Alabama, and/or within the police jurisdiction thereof, and each and every person, firm, company, association or corporation engaged in any of the businesses, vocations, occupations or professions herein enumerated shall pay for and take out such licenses, and in such sums as are herein provided, to-wit:

\* \* \* \* \* \*

"208. Lumber—Dressed—Any person, firm or corporation selling or delivering within the city limits from without the city limits dressed lumber ........... 100.00."

The trial Judge rendered judgment for the plaintiff for the amount sued for, together with the costs.

The facts in this case are similar to those in the case of Town of Guntersville v. Wright, 223 Ala. 349, 135 So. 634, 635. In that case the Supreme Court held that it was immaterial that the property or business was located outside of town, that "The actual delivery and distribution of the gasoline is a most material part of the business conducted, and this is done within the municipality." Also in the case of Edgil v. City of Carbon Hill, 214 Ala. 532, 108 So. 355, the court held that delivery of goods to a neighboring town by truck belonging to seller and driven by his agent constituted doing business in such town without a license, since the sale was only completed at the place of delivery.

In the case of City of Decatur v. Poole, 238 Ala. 224, 189 So. 743, 745, Judge Foster observed: "The city authorities are not confined by law in prescribing a business license charge to a transaction completed within its limits. All the incidents of a sale or delivery need not occur there to make it a taxable event. We have held that it may be taxable by a city as an incident of a sale, where the contract was made in another city from which it was started on its journey for delivery in the city imposing the tax. Delivery in the city is a material part of the business so conducted." Citing Town of Guntersville v. Wright, supra.

We are of the opinion that the above cited cases are here controlling, and that the municipality had the authority to levy and collect the license.

Reversed and rendered.